<table>
<tr><td>

Marc Kieselstein, P.C.<br>
**KIRKLAND & ELLIS LLP**<br>
601 Lexington Avenue<br>
New York, New York 10022<br>
Telephone:    (212) 446-4800<br>
Facsimile:     (212) 446-4900

</td><td>

Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)<br>
Gregory F. Pesce (*pro hac vice* pending)<br>
**KIRKLAND & ELLIS LLP**<br>
300 North LaSalle Street<br>
Chicago, Illinois 60654<br>
Telephone:    (312) 862-2000<br>
Facsimile:     (312) 862-2200

</td></tr>
</table>

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GLOBAL A&T ELECTRONICS LTD., | Case No. 17-23931 (RDD) |
| Debtor. | |
| Tax I.D. No. MC-189744 | |
| In re: | Chapter 11 |
| GLOBAL A&T FINCO LTD., | Case No. 17-23932 (RDD) |
| Debtor. | |
| Tax I.D. No. N/A | |
| In re: | Chapter 11 |
| UGS AMERICA SALES INC., | Case No. 17-23933 (RDD) |
| Debtor. | |
| Tax I.D. No. 27-2657511 | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| UNITED TEST AND ASSEMBLY CENTER LTD., | ) Case No. 17-23934 (RDD) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 199708070H | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| UTAC (SHANGHAI) CO., LTD., | ) Case No. 17-23935 (RDD) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 91310115751454919N | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| UTAC (TAIWAN) CORPORATION, | ) Case No. 17-23936 (RDD) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 84149456 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| UTAC CAYMAN LTD., | ) Case No. 17-23937 (RDD) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. CR-92839 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| UTAC DONGGUAN LTD., | ) Case No. 17-23938 (RDD) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 914419007684216386 | ) |
| | ) |

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UTAC GROUP GLOBAL SALES LTD., | ) | Case No. 17-23939 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. MC-240797 | ) | |
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| UTAC HEADQUARTERS PTE. LTD., | ) | |
| | ) | Case No. 17-23940 (RDD) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 201503214R | ) | |
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| UTAC HONG KONG LIMITED, | ) | |
| | ) | Case No. 17-23941 (RDD) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 12/12471526 | ) | |
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| UTAC THAI HOLDINGS LIMITED, | ) | |
| | ) | Case No. 17-23942 (RDD) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 010555304876 | ) | |
| | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| UTAC THAI LIMITED, | ) | |
| | ) | Case No. 17-23943 (RDD) |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 0105516006324 | ) | |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN
## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (collectively, the "Debtors")
respectfully state the following in support of this motion (this "Motion"):[1]

### Relief Requested

1.       The Debtors seek entry of an order, substantially in the form attached hereto as
**Exhibit A** (the "Order"), directing procedural consolidation and joint administration of these
chapter 11 cases.  Specifically, the Debtors request that the United States Bankruptcy Court for
the Southern District of New York (the "Court") maintain one file and one docket for all of the
jointly administered cases under the case of Global A&T Electronics Ltd., and that the cases be
administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL A&T ELECTRONICS LTD., *et al.*,[1] | ) | Case No. 17-23931 (RDD) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]    Capitalized terms used but not defined have the meanings given to them elsewhere in this Motion.

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification, registration, or like number, include:  Global A&T Electronics Ltd. (9744); Global A&T Finco Ltd. (N/A); UGS America Sales Inc. (7511); United Test and Assembly Center Ltd. (070H); UTAC (Shanghai) Co., Ltd. (919N); UTAC (Taiwan) Corporation (9456); UTAC Cayman Ltd. (2839); UTAC Dongguan Ltd. (6386); UTAC Group Global Sales Ltd. (0797); UTAC Headquarters Pte. Ltd. (214R); UTAC Hong Kong Limited (1526); UTAC Thai Holdings Limited (4876); and UTAC Thai Limited (6324).  The debtors' service address for purposes of these chapter 11 cases is:  11 Martine Avenue, 12th Floor, White Plains, New York 10606.

2.     The Debtors submit that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code").

3.     The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of Global A&T Electronics Ltd.:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Global A&T Electronics Ltd.; Global A&T Finco Ltd.; UGS America Sales Inc.; United Test and Assembly Center Ltd.; UTAC (Shanghai) Co., Ltd.; UTAC (Taiwan) Corporation; UTAC Cayman Ltd.; UTAC Dongguan Ltd.; UTAC Group Global Sales Ltd.; UTAC Headquarters Pte. Ltd.; UTAC Hong Kong Limited; UTAC Thai Holdings Limited; and UTAC Thai Limited.  All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 17-23931 (RDD).

4.     The Debtors further seek authority to file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

### Jurisdiction and Venue

5.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Background**

8.      The Debtors operate a global enterprise that performs assembly and testing services for customers that utilize semiconductors (*i.e.*, microchips) in a variety of products, including smartphones, tablets, personal digital assistants, Bluetooth and WiFi equipment, personal computers, and automotive, industrial, and medical applications.  The Debtors manage their business enterprise from their corporate headquarters in Singapore.  The Debtors employ approximately 10,000 highly trained engineers, technicians, and corporate, legal, and sales professionals at locations in the People's Republic of China, the Republic of China, Singapore, Thailand, and the United States.  As of December 31, 2016, the Debtors generated gross revenue of approximately $687 million and posted earnings before interest, taxes, and amortization of approximately $189.2 million.

9.      On November 2, 2017, the Debtors entered in the Global Settlement, Forbearance, and Restructuring Support Agreement (the "Restructuring Support Agreement") with all of their major stakeholders, pursuant to which the Debtors agreed to a comprehensive financial reorganization of their capital structure.  Pursuant to the Restructuring Support Agreement, on November 20, 2017, the Debtors commenced a prepetition solicitation process and distributed the *Debtors' Joint Chapter 11 Plan of Reorganization* (the "Prepackaged Plan") and a related

disclosure statement (the "Disclosure Statement") to creditors entitled to vote to accept the Plan.

As of December 13, 2017, the proposed Plan voting deadline, 100 percent of the holders of

claims entitled to vote to accept or reject the Plan have voted to accept the Plan.

10.     On December 17, 2017 (the "Petition Date"), each of the Debtors filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.  In connection therewith,

the Debtors requested that the Court schedule a combined hearing to approve the adequacy of the

Disclosure Statement and confirm the Prepackaged Plan.

11.     The Debtors continue to operate their business and manage their property as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the

date hereof, the Office of the United States Trustee for the Southern District of New York

(the "U.S. Trustee") has not appointed an official committee of unsecured creditors in these

chapter 11 cases.

12.     Additional information regarding the Debtors' business, their capital structure,

and the circumstances leading to these chapter 11 filings is contained in the *Declaration of*

*Michael E. Foreman, General Counsel and Authorized Officer of Global A&T Electronics Ltd.,*

*(I) in Support of Debtors' Chapter 11 Petitions and First Day Motions and (II) Pursuant to*

*Local Rule 1007-2* (the "First Day Declaration"), filed in connection herewith.

### Basis for Relief

13.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more

petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may

order a joint administration of the estates."  Fed. R. Bankr. P. 1015.  The Debtors are "affiliates,"

as defined by the Bankruptcy Code.  *See* 11 U.S.C. § 101(2).  Accordingly, the Bankruptcy Code

and Bankruptcy Rules authorize the Court to grant the relief requested herein.

14.     Additionally, section 105(a) of the Bankruptcy Code authorizes the Court to grant

the relief requested herein by permitting the Court to "issue any order, process, or judgment that

is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]."   11 U.S.C.

§ 105(a).

15.     Joint administration is generally non-controversial, and courts in this jurisdiction

routinely order joint administration in cases with multiple, related debtors.  *See*, *e.g.*, *In re 21st*

*Century Oncology Holdings, Inc.*, No. 17-22770 (RDD) (Bankr. S.D.N.Y. May 26, 2017); *In re*

*BCBG Max Azria Glob. Holdings, LLC*, (SCC) (Bankr. S.D.N.Y. Mar. 2, 2017); *In re Avaya*

*Inc.*, No. 17-10089 (SMB) (Bankr. S.D.N.Y. Jan. 20, 2017); *In re Aéropostale, Inc.*, No.

16-11275 (SHL) (Bankr. S.D.N.Y. May 4, 2016); *In re Sabine Oil & Gas Corp.*, No. 15-11835

(SCC) (Bankr. S.D.N.Y. July 16, 2015).[2]

16.     Given the integrated nature of the Debtors' operations, joint administration of

these chapter 11 cases will provide significant administrative convenience without harming the

substantive rights of any party in interest.  Many of the motions, hearings, and orders in these

chapter 11 cases will affect each and every Debtor entity.  The entry of the Order directing joint

administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings

and objections.  Joint administration also will allow the U.S. Trustee and all parties in interest to

monitor these chapter 11 cases with greater ease and efficiency.

17.     Moreover, joint administration will not adversely affect the Debtors' respective

constituencies because this Motion seeks only administrative, not substantive, consolidation of

the Debtors' estates.  Parties in interest will not be harmed by the relief requested, but will

benefit from the cost reductions associated with the joint administration of these chapter 11

---

[2]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.
    Copies of these orders are available upon request to the Debtors' proposed counsel.

cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

### Motion Practice

18.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion.  Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

### Notice

19.     The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the indenture trustee under the Debtors' senior secured notes; (d) Milbank, Tweed, Hadley & McCloy LLP, counsel to an *ad hoc* committee of initial senior secured noteholders; (e) Dechert LLP, counsel to an *ad hoc* committee of initial senior secured noteholders; (f) Ropes & Gray LLP, counsel to an *ad hoc* committee of additional senior secured noteholders; (g) counsel to the Debtors' ultimate equity sponsors; (h) the United States Attorney's Office for the Southern District of New York; (i) the Internal Revenue Service; (j) the Environmental Protection Agency; (k) the office of the attorneys general for the states in which the Debtors operate; (l) the Securities and Exchange Commission; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

20.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting

the relief requested herein and such other relief as the Court deems appropriate under the

circumstances.

Dated:  December 17, 2017          */s/ Marc Kieselstein*
New York, New York                Marc Kieselstein, P.C.
                                  **KIRKLAND & ELLIS LLP**
                                  601 Lexington Avenue
                                  New York, New York 10022
                                  Telephone:    (212) 446-4800
                                  Facsimile:    (212) 446-4900

                                  - and -

                                  Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
                                  Gregory F. Pesce (*pro hac vice* pending)
                                  **KIRKLAND & ELLIS LLP**
                                  300 North LaSalle Street
                                  Chicago, Illinois 60654
                                  Telephone:    (312) 862-2000
                                  Facsimile:    (312) 862-2200

                                  *Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL A&T ELECTRONICS LTD., | ) | Case No. 17-23931 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. MC-189744 | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL A&T FINCO LTD., | ) | Case No. 17-23932 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. N/A | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| UGS AMERICA SALES INC., | ) | Case No. 17-23933 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-2657511 | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| UNITED TEST AND ASSEMBLY CENTER LTD., | ) | Case No. 17-23934 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 199708070H | ) | |
| | ) | |

KE 49630877

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| UTAC (SHANGHAI) CO., LTD., | ) Case No. 17-23935 (RDD) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 91310115751454919N | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| UTAC (TAIWAN) CORPORATION, | ) Case No. 17-23936 (RDD) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. '84149456 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| UTAC CAYMAN LTD., | ) Case No. 17-23937 (RDD) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. CR-92839 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| UTAC DONGGUAN LTD., | ) Case No. 17-23938 (RDD) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 914419007684216386 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| UTAC GROUP GLOBAL SALES LTD., | ) Case No. 17-23939 (RDD) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. MC-240797 | ) |
| | ) |

2

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| UTAC HEADQUARTERS PTE. LTD., | ) |
| | ) Case No. 17-23940 (RDD) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 201503214R | ) |
| | ) |
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| UTAC HONG KONG LIMITED, | ) |
| | ) Case No. 17-23941 (RDD) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 12/12471526 | ) |
| | ) |
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| UTAC THAI HOLDINGS LIMITED, | ) |
| | ) Case No. 17-23942 (RDD) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 010555304876 | ) |
| | ) |
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| UTAC THAI LIMITED, | ) |
| | ) Case No. 17-23943 (RDD) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 0105516006324 | ) |
| | ) |

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order (this "Order") directing the joint

administration of the Debtors' chapter 11 cases for procedural purposes only, all as more fully

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3

set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District*

*Court for the Southern District of New York*, dated January 31, 2012; and that this Court may

enter a final order consistent with Article III of the United States Constitution; and this Court

having found that venue of this proceeding and the Motion in this district is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion

is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and

this Court having found that the Debtors provided appropriate notice of the Motion and the

opportunity for a hearing under the circumstances; and this Court having reviewed the Motion

and having heard the statements in support of the relief requested therein at a hearing before this

Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth

in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of

the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes

only and shall be jointly administered by this Court under Case No. 17-23931 (RDD).

3.      The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL A&T ELECTRONICS LTD., *et al.*,[1] | ) | Case No. 17-23931 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of

the Bankruptcy Code.

5.      A docket entry, substantially similar to the following, shall be entered on the

docket of each of the Debtors other than Global A&T Electronics Ltd. to reflect the joint

administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the
> Federal Rules of Bankruptcy Procedure directing the joint
> administration of the chapter 11 cases of: Global A&T Electronics
> Ltd.; Global A&T Finco Ltd.; UGS America Sales Inc.; United
> Test and Assembly Center Ltd.; UTAC (Shanghai) Co., Ltd.;
> UTAC (Taiwan) Corporation; UTAC Cayman Ltd.; UTAC
> Dongguan Ltd.; UTAC Group Global Sales Ltd.; UTAC
> Headquarters Pte. Ltd.; UTAC Hong Kong Limited; UTAC Thai
> Holdings Limited; and UTAC Thai Limited.  All further pleadings
> and other papers shall be filed in and all further docket entries shall
> be made in Case No. 17-23931 (RDD).

---

[1]      The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification, registration, or like number, include:  Global A&T Electronics Ltd. (9744); Global A&T Finco Ltd. (N/A); UGS America Sales Inc. (7511); United Test and Assembly Center Ltd. (070H); UTAC (Shanghai) Co., Ltd. (919N); UTAC (Taiwan) Corporation (9456); UTAC Cayman Ltd. (2839); UTAC Dongguan Ltd. (6386); UTAC Group Global Sales Ltd. (0797); UTAC Headquarters Pte. Ltd. (214R); UTAC Hong Kong Limited (1526); UTAC Thai Holdings Limited (4876); and UTAC Thai Limited (6324).  The debtors' service address for purposes of these chapter 11 cases is:  11 Martine Avenue, 12th Floor, White Plains, New York 10606.

5

6.      One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

7.      The Debtors may file a single monthly operating report as required by the *Operating Guidelines and Reporting Requirement for Debtors in Possession and Trustees*, issued by the Executive Office of United States Trustees (rev. Nov. 27, 2013) for the jointly-administered Debtors; *provided* that each monthly operating report shall be filed on a consolidating—not consolidated—basis.  The report shall contain, on a consolidating basis, the information required for each Debtor that segregates all of the specific information (*e.g.*, receipts, disbursements, etc.) on a Debtor-by-Debtor basis.

8.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9.      The Debtors and their affiliates are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion (including, without limitation, making copies of this Order, the Motion, and any materials or other information related thereto available in any local language in a jurisdiction in which the Debtors or their affiliates operate.

10.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the local rules of this Court are satisfied by such notice.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order

are immediately effective and enforceable upon its entry.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2017

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE