Marc Kieselstein, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL A&T ELECTRONICS LTD., *et al.*,[1] | ) | Case No. 17-23931 (RDD) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SUMMARY COVER SHEET TO THE FIRST AND
FINAL FEE APPLICATION OF KIRKLAND & ELLIS LLP AND
KIRKLAND & ELLIS INTERNATIONAL LLP, PROPOSED ATTORNEYS
FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD
FROM DECEMBER 17, 2017 THROUGH AND INCLUDING DECEMBER 21, 2017**

        In accordance with the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E"), proposed attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), submit this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary is attached (the "Fee Application")[2] for the period from December 17, 2017 through December 21, 2017 (the "Fee Period").

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification, registration, or like number, include:  Global A&T Electronics Ltd. (9744); Global A&T Finco Ltd. (N/A); UGS America Sales, Inc. (7511); United Test and Assembly Center Ltd. (070H); UTAC (Shanghai) Co., Ltd. (919N); UTAC (Taiwan) Corporation (9456); UTAC Cayman Ltd. (2839); UTAC Dongguan Ltd. (6386); UTAC Group Global Sales Ltd. (0797); UTAC Headquarters Pte. Ltd. (214R); UTAC Hong Kong Limited (1526); UTAC Thai Holdings Limited (4876); and UTAC Thai Limited (6324).  The debtors' service address for purposes of these chapter 11 cases is:  11 Martine Avenue, 12th Floor, White Plains, New York 10606.

[2]    Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

| *General Information* | |
|---|---|
| Name of Applicant: | Kirkland & Ellis LLP and Kirkland & Ellis International LLP |
| Authorized to Provide Services to: | Global A&T Electronics Ltd., *et al.* |
| Petition Date: | December 17, 2017 |
| Date of Order Authorizing the Debtors to Retain K&E: | The Debtors have requested that the Court approve K&E's retention *nunc pro tunc* to the Petition Date. |

| *Summary of Fees and Expenses Sought in the Fee Application* | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought in the Fee Application: | December 17, 2017 through December 21, 2017 |
| Voluntary Fee Waiver and Expense Reduction in this Fee Period: | Reduced fees by $35,581.00 and expenses by $9,371.18[3] |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Fee Period: | $525,222.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Fee Period: | $60,572.86 |
| Total Compensation and Expense Reimbursement Requested for the Fee Period: | $585,794.86 |

---

[3]   K&E voluntarily reduced its fees and expenses by the amounts described above and consequently does not seek payment of these fees and expenses in this Fee Application.

### *Rate Increases Applicable to the Fee Period*

Total Amount of Compensation
Sought for the Fee Period, Calculated
Using Rates as of the Date of Retention:            $525,222.00

### *Summary of Past Requests for Compensation and Prior Payments*[4]

Total Amount of Compensation Previously
Requested Pursuant to the Interim Compensation        $0.00
Order to Date:

Total Amount of Expense
Reimbursement Previously Requested
Pursuant to the Interim Compensation Order to        $0.00
Date:

Total Compensation Approved
Pursuant to the Interim Compensation Order to        $0.00
Date:

Total Amount of Expense Reimbursement Approved
Pursuant to the Interim Compensation Order to        $0.00
Date:

Total Allowed Compensation Paid to Date:            $0.00

Total Allowed Expenses Paid to Date:                $0.00

Compensation Sought in
this Application Already Paid Pursuant to
the Interim Compensation Order But Not Yet            $0.00
Allowed:

Expenses Sought In This
Application Already Paid Pursuant to the
Interim Compensation Order But Not Yet Allowed:      $0.00

---

[4]    No interim compensation order has been entered in these chapter 11 cases.

New York, New York                  */s/ Patrick J. Nash, Jr., P.C.*
Dated:  February 2, 2018            Marc Kieselstein, P.C.
                                    **KIRKLAND & ELLIS LLP**
                                    **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                    601 Lexington Avenue
                                    New York, New York 10022
                                    Telephone:    (212) 446-4800
                                    Facsimile:    (212) 446-4900

                                    - and -

                                    Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
                                    Gregory F. Pesce (admitted *pro hac vice*)
                                    **KIRKLAND & ELLIS LLP**
                                    **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                    300 North LaSalle Street
                                    Chicago, Illinois 60654
                                    Telephone:    (312) 862-2000
                                    Facsimile:    (312) 862-2200

                                    *Proposed Counsel to the Debtors and Debtors in Possession*

Marc Kieselstein, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GLOBAL A&T ELECTRONICS LTD., *et al.*,[1] | ) | Case No. 17-23931 (RDD) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**FIRST AND FINAL FEE APPLICATION OF KIRKLAND & ELLIS LLP AND**
**KIRKLAND & ELLIS INTERNATIONAL LLP, PROPOSED ATTORNEYS**
**FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD**
**FROM DECEMBER 17, 2017 THROUGH AND INCLUDING DECEMBER 21, 2017**

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E"),[2]

proposed attorneys for the above-captioned debtors (collectively, the "Debtors"), hereby submit

their first and final fee application (this "Fee Application") for allowance of compensation for

---

[1]  The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification, registration, or like number, include:  Global A&T Electronics Ltd. (9744); Global A&T Finco Ltd. (N/A); UGS America Sales Inc. (7511); UGS Europe LLC (8.255); United Test and Assembly Center Ltd. (070H); UTAC (Shanghai) Co., Ltd. (919N); UTAC (Taiwan) Corporation (9456); UTAC Cayman Ltd. (2839); UTAC Dongguan Ltd. (6386); UTAC Group Global Sales Ltd. (0797); UTAC Headquarters Pte. Ltd. (214R); UTAC Hong Kong Limited (1526); UTAC Thai Holdings Limited (4876); and UTAC Thai Limited (6324).  The debtors' service address for purposes of these chapter 11 cases is:  11 Martine Avenue, 12th Floor, White Plains, New York 10606.

[2]  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the *Debtors' Joint Chapter 11 Plan of Reorganization (With Technical Modifications)* [Docket No. 62, Ex. 1] or the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. 62, Ex. 2], as applicable.

professional services provided in the amount of $525,222.00 and reimbursement of actual and necessary expenses in the amount of $60,572.86 that K&E incurred for the period from December 17, 2017, through December 21, 2017 (the "Fee Period"). In support of this Fee Application, K&E submits the declaration of Patrick J. Nash, Jr., the president of Patrick J. Nash, Jr., P.C., a partner of Kirkland & Ellis LLP, and a partner of Kirkland & Ellis International LLP (the "Nash Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, K&E respectfully states as follows.

## Jurisdiction

1.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), and the *Amended Guidelines for Professional Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* (the "Local Guidelines").

## Background and Case Summary

4.      On December 17, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. During these chapter 11 cases, the Debtors operated their businesses and managed their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On December 19, 2017, the Court entered

an order [Docket No. 33] authorizing the joint administration and procedural consolidation of the

Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

5.        The Court confirmed the Plan on December 21, 2017 (the "Confirmation Date").

The Effective Date under the Plan occurred on January 12, 2018 (the "Effective Date").

6.        A description of the Debtors' businesses, the reasons for commencing these

chapter 11 cases are set forth in the *Declaration of Michael E. Foreman, General Counsel and*

*Authorized Officer of Global A&T Electronics Ltd., (I) in Support of Debtors' Chapter 11 Petitions*

*and First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2*, filed on December 18,

2017 [Docket No. 16] and incorporated herein by reference.

7.        Because of the prepackaged nature of these chapter 11 cases, the Debtors did not

seek entry of an interim compensation order.  Thus, K&E seeks approval in this Fee Application

of all fees and expenses incurred during the Fee Period on a final basis.

### The Debtors' Retention of K&E

8.        On January 12, 2017, the Debtors filed the Retention Application, including the

proposed *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland*

*& Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc

Pro Tunc *to the Petition Date* [Docket  No. 80, Ex. A] (the "Proposed Retention Order"), attached

hereto as **Exhibit B** and incorporated by reference.  The Proposed Retention Order, if entered,

would authorize the Debtors to compensate and reimburse K&E in accordance with the

Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable

procedures and orders of the Court. The Proposed Retention Order would also authorize the

Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to

reimburse K&E for K&E's actual and necessary out-of-pocket expenses incurred, subject to

application to this Court.  The particular terms of K&E's engagement are detailed in the

engagement letter by and between K&E and the Debtors, effective as of August 16, 2017 and

attached hereto as **Exhibit C** (the "Engagement Letter").

9.      The Proposed Retention Order would authorize K&E to provide the following

services consistent with and in furtherance of the services enumerated above:

    a.      advising the Debtors with respect to their powers and duties as
            debtors-in-possession in the continued management and operation of their
            business and properties;

    b.      preparing pleadings, including motions, applications, answers, orders,
            reports, and papers necessary or otherwise beneficial to the administration
            of the Debtors' estates and consistent with the services identified in the
            Retention Order;

    c.      appearing before the Court and any appellate courts to represent the interests
            of the Debtors' estates before those courts in connection with the services
            in the Retention Order; and

    d.      performing all other legal services reasonably necessary or otherwise
            beneficial for the Debtors in connection with these chapter 11 cases.

### Disinterestedness of K&E

*10.*      To the best of the Debtors' knowledge and as disclosed in the *Declaration of*

*Patrick J. Nash, Jr., in Support of the Debtors' Application for Entry of an Order Authorizing the*

*Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as*

*Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date*

(the "K&E Declaration"), (a) K&E is a "disinterested person" within the meaning of section

101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does

not hold or represent an interest adverse to the Debtors' estates and (b) K&E has no connection to

the Debtors, their creditors, or other parties in interest, except as may be disclosed in the K&E

Declaration.

11.      K&E may have in the past represented, may currently represent, and likely in the

future will represent parties in interest in connection with matters unrelated to the Debtors in these

chapter 11 cases.  In the K&E Declaration, K&E disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.

12.      K&E performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

13.      Except to the extent of the advance payments paid to K&E that K&E previously disclosed to this Court in the K&E Declaration, K&E has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

14.      Pursuant to Bankruptcy Rule 2016(b), K&E has not shared, nor has K&E agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of K&E or (b) any compensation another person or party has received or may receive.

### Fees and Expenses Incurred During Fee Period

**A.      Customary Billing Disclosures**.

15.      K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit E** is a summary of blended hourly rates for

5

timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

**B.    Fees Incurred During Fee Period**.

16.    In the ordinary course of K&E's practice, K&E maintains computerized records of the time expended to render the professional services required by the Debtors and their estates. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit F** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at K&E's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional as disclosed in the first interim application;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective* Nunc Pro Tunc *to the Petition Date* (the "Retention Application").

**C.    Expenses Incurred During Fee Period**.

17.    In the ordinary course of K&E's practice, K&E maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.    K&E currently charges $0.16 per page for standard

duplication in its offices in the United States.  Notwithstanding the foregoing and consistent with the Local Bankruptcy Rules, K&E charged no more than $0.10 per page for standard duplication services in these chapter 11 cases.  K&E does not charge its clients for incoming facsimile transmissions.

18.    For the convenience of the Court and all parties in interest, attached hereto as **Exhibit G** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which K&E is seeking reimbursement.

### Summary of Legal Services Rendered During the Fee Period

19.    As discussed above, during the Fee Period, K&E provided extensive and important professional services to the Debtors in connection with these chapter 11 cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

20.    To provide a meaningful summary of K&E's services provided on behalf of the Debtors and their estates, K&E has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these chapter 11 cases.  The following is a summary of the fees and hours billed for each Matter Category in the Fee Period:[3]

| Matter Number | Project Category Description | Hours | | Total Compensation | | Expenses | Total |
|---|---|---|---|---|---|---|---|
| | | Budgeted | Billed | Budgeted | Billed | | |
| 2 | Chapter 11 Filing | 50 – 70 | 0 | $28,000 – $40,000 | $0.00 | $0.00 | $0.00 |
| 3 | Case Administration | 175 – 190 | 147.60 | $125,000 – $140,000 | $65,794.00 | $59,065.58 | $124,859.58 |

---

[3]    In certain instances K&E may have billed the same amount of fees, but different amount of hours to different matter categories.  This difference is the result of different staffing of each such matter category.

| Matter Number | Project Category Description | Hours | | Total Compensation | | Expenses | Total |
|---|---|---|---|---|---|---|---|
| | | Budgeted | Billed | Budgeted | Billed | | |
| 4 | Disclosure Statement, Plan, and Confirmation | 610 – 660 | 488.10 | $475,000 – $515,000 | $417,743.50 | $0.00 | $417,743.50 |
| 5 | Hearings | 120 – 130 | 53.70 | $95,000 – $105,000 | $41,684.50 | $1,507.28 | $43,191.78 |
| Totals | | 955 – 1050 | 689.40 | $723,000 – $800,000 | $525,222.00 | $60,572.86 | $585,794.86 |

21.     The following is a summary, by Matter Category, of the most significant professional services provided by K&E during the Fee Period. This summary is organized in accordance with K&E's internal system of matter numbers. The detailed descriptions demonstrate that K&E was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases. A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by K&E partners, associates and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit H**.

22.     In addition, K&E's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit I**, and K&E's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit J**.

(a)     **Case Administration [Matter No. 3]**

Total Fees:     $65,794.00
Total Hours:    147.60

23.     This Matter Category includes time spent on a variety of tasks that were necessary to ensure the efficient and smooth administration of legal services related to the Debtors' chapter 11 cases, including:

(i)     managing and administering these chapter 11 cases on a daily basis, including tracking critical dates;

8

(ii)    organizing and maintaining voluminous document files for these
         cases; and

(iii)   ensuring compliance with all of the other applicable requirements of
         the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules,
         and orders or procedures issued by the Court.

24.     Time billed to this Matter Category also includes work and meetings related to
multiple matters such that the time cannot be easily allocated to one of the other matters.

**(b)    <u>Disclosure Statement, Plan, and Confirmation [Matter No. 4]</u>**

Total Fees:    $417,743.50
Total Hours:   488.10

25.     This Matter Category includes time spent by K&E attorneys and paraprofessionals
providing services related to negotiating and confirming, and consummating the Plan, obtaining
approval of the disclosure statement, and negotiating and implementing certain restructuring
transactions embodied in the Plan.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)     negotiating with the prepetition secured noteholders and their
         respective advisors and the Office of the United States Trustee to
         reach consensual resolutions of their respective issues related to the
         Plan;

(ii)    preparing and filing the Debtors' brief in support of confirmation,
         and response to certain objections thereto [Docket No. 51], and
         supporting declarations from the Debtors' General Counsel and
         notice and solicitation agent [Docket Nos. 48 and 49];

(iii)   preparing for the Confirmation Hearing; and

(iv)    participating in numerous telephone and office conferences,
         corresponding with, and drafting correspondence to send to the
         Debtors, their advisors, and other parties in interest with respect to
         all of the foregoing.

(c)    **Hearings [Matter No. 5]**

Total Fees:    $41,684.50
Total Hours:    53.70

26.    This Matter Category includes time spent by K&E attorneys and paraprofessionals

attending the December 18, 2017 first-day hearing and the December 21, 2017 confirmation

hearing.

**Actual and Necessary Expenses Incurred by K&E**

27.    As set forth in **Exhibit I** attached hereto, and as summarized in **Exhibit G** attached

hereto, K&E has incurred a total of $60,572.86 in expenses on behalf of the Debtors during the

Fee Period.  These charges are intended to reimburse K&E's direct operating costs, which are not

incorporated into the K&E hourly billing rates.  K&E charges external copying and computer

research at the provider's cost without markup.  Only clients who actually use services of the types

set forth in **Exhibit I** of this Fee Application are separately charged for such services.  The effect

of including such expenses as part of the hourly billing rates would impose that cost upon clients

who do not require extensive photocopying and other facilities and services.

**Reasonable and Necessary Services Provided by K&E**

A.    **Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

28.    The foregoing professional services provided by K&E on behalf of the Debtors

during the Fee Period were reasonable, necessary, and appropriate to the administration of these

chapter 11 cases and related matters.

29.    Many of the services performed by partners and associates of K&E were provided

by K&E's Restructuring Group.  K&E has a prominent practice in this area and enjoys a national

and international reputation for its expertise in financial reorganizations and restructurings of

troubled companies, with over 100 attorneys focusing on this area of the law.  The attorneys at

10

K&E have represented either the debtor or the creditors' committee or have acted as special counsel in many large chapter 11 cases.

30.    In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from K&E's litigation, corporate, and tax groups were heavily involved with K&E's representation of the Debtors.  These practice groups also enjoy a national and international reputation for their expertise.  Overall, K&E brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.    Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

31.    The time constraints imposed by the circumstances of these chapter 11 cases required K&E attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties in interest on a timely basis, and satisfy the demands of the Debtors' businesses and ensure the orderly administration of their estates.  Consistent with firm policy, and as further disclosed in the Retention Application, K&E attorneys and other K&E employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs.  K&E's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

32.    In addition, due to the location of the Debtors' businesses, co-counsel, creditors, and other parties in interest in relation to K&E's offices, frequent multi-party telephone conferences involving numerous parties were required.  The disbursements for such services are not included in K&E's overhead for the purpose of setting billing rates and K&E has made every effort to minimize its disbursements in these chapter 11 cases.  The actual expenses incurred in

11

providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

33.     Among other things, K&E makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement. Specifically, K&E regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses.  In that regard, K&E will waive certain fees and reduce its expenses if necessary.  In the Fee Period, K&E voluntarily reduced its fees by $35,581.00 and expenses by $9,371.18.  Consequently, K&E does not seek payment of such fees or reimbursement of such expenses in the Fee Application.

### K&E's Requested Compensation and Reimbursement Should be Allowed

34.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

35. K&E respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates. K&E further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' constituents. K&E further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

36. During the course of these chapter 11 cases, K&E's hourly billing rates for attorneys ranged from $400 to $1,475. The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. K&E strives to be efficient in the staffing of matters. These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

37. Moreover, K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead

expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

38.    In sum, K&E respectfully submits that the professional services provided by K&E on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by K&E, the nature and extent of K&E's services provided, the value of K&E's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, K&E respectfully submits that approval of the compensation sought herein is warranted and should be approved.

39.    No previous application for the relief sought herein has been made to this or any other Court.

### Reservation of Rights and Notice

40.    It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  K&E reserves the right to include such amounts in future fee applications.  Any party that wishes to object to the Fee Application, must file its objection with the Court, and serve it on the affected professional and the notice parties listed in paragraph 41 so that it is actually received on or before February 16, 2018 at 4:00 p.m. (Prevailing Eastern Time).

41.    The Debtors will provide notice of this Fee Application to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the indenture trustee under the Debtors' senior secured notes; (d) Milbank, Tweed, Hadley & McCloy LLP, counsel to an *ad hoc* committee of initial senior secured noteholders; (e) Dechert LLP, counsel to an *ad hoc*

committee of initial senior secured noteholders; (f) Ropes & Gray LLP, counsel to an *ad hoc* committee of additional senior secured noteholders; (g) counsel to the Debtors' ultimate equity sponsors; (h) the United States Attorney's Office for the Southern District of New York; (i) the Internal Revenue Service; (j) the Environmental Protection Agency; (k) the office of the attorneys general for the states in which the Debtors operate; (l) the Securities and Exchange Commission; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

42.     No prior application for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, K&E respectfully requests that the Court enter an order (a) awarding K&E

final compensation for professional and paraprofessional services provided during the Fee Period

in the amount of $525,222.00, and reimbursement of actual, reasonable and necessary expenses

incurred in the Fee Period in the amount of $60,572.86; (b) authorizing and directing the Debtors

to remit payment to K&E for such fees and expenses; and (c) granting such other relief as is

appropriate under the circumstances.

New York, New York                    */s/ Patrick J. Nash, Jr., P.C.*
Dated: February 2, 2018               Marc Kieselstein, P.C.
                                      **KIRKLAND & ELLIS LLP**
                                      **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                      601 Lexington Avenue
                                      New York, New York 10022
                                      Telephone:    (212) 446-4800
                                      Facsimile:    (212) 446-4900

                                      - and -

                                      Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
                                      Gregory F. Pesce (admitted *pro hac vice*)
                                      **KIRKLAND & ELLIS LLP**
                                      **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                      300 North LaSalle Street
                                      Chicago, Illinois 60654
                                      Telephone:    (312) 862-2000
                                      Facsimile:    (312) 862-2200

                                      *Proposed Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Nash Declaration**

Marc Kieselstein, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL A&T ELECTRONICS LTD., *et al.*,[1] | ) | Case No. 17-23931 (RDD) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF PATRICK J. NASH, JR. IN SUPPORT OF THE**
**FIRST AND FINAL FEE APPLICATION OF KIRKLAND & ELLIS LLP**
**AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS**
**FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD**
**OF DECEMBER 17, 2017 THROUGH AND INCLUDING DECEMBER 21, 2017**

I, Patrick J. Nash, Jr., P.C., being duly sworn, state the following under penalty of perjury:

1.     I am the president of Patrick J. Nash, Jr., P.C., a partner in the law firm of Kirkland

& Ellis LLP, located at 300 North LaSalle, Chicago, Illinois 60654, and a partner of Kirkland &

Ellis International, LLP (together with Kirkland & Ellis LLP, "K&E").[2]  I am the lead attorney

---

[1]     The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification, registration, or like number, include:  Global A&T Electronics Ltd. (9744); Global A&T Finco Ltd. (N/A); UGS America Sales, Inc. (7511); United Test and Assembly Center Ltd. (070H); UTAC (Shanghai) Co., Ltd. (919N); UTAC (Taiwan) Corporation (9456); UTAC Cayman Ltd. (2839); UTAC Dongguan Ltd. (6386); UTAC Group Global Sales Ltd. (0797); UTAC Headquarters Pte. Ltd. (214R); UTAC Hong Kong Limited (1526); UTAC Thai Holdings Limited (4876); and UTAC Thai Limited (6324).  The debtors' service address for purposes of these chapter 11 cases is:  11 Martine Avenue, 12th Floor, White Plains, New York 10606.

[2]     Capitalized terms used but not otherwise defined herein shall have the meaning as set forth in the Fee Application.

from K&E working on the above-captioned chapter 11 cases.  I am a member in good standing of the Bar of the State of Illinois, and I have been admitted to practice before the United States Court of Appeals for the Sixth Circuit, and the United District Courts for the Eastern District of Michigan and Northern District of Illinois.  There are no disciplinary proceedings pending against me.

2.      I have read the foregoing first and final fee application of K&E, attorneys for the Debtors, for the Fee Period (the "Fee Application").  To the best of my knowledge, information and belief, the statements contained in the Fee Application are true and correct.  In addition, I believe that the Fee Application complies with Local Bankruptcy Rule 2016-1(a) and the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*.

3.      In connection therewith, I hereby certify that:

a)      to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

b)      except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by K&E and generally accepted by K&E's clients.  In addition, none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' case;

c)      the fees sought do not exceed the fees budgeted for the same time period in the budget and staffing plan by more than 10%;

d)      K&E did not increase hourly rates from those disclosed in the Retention Application during the Fee Period;

e)      K&E is not seeking compensation with respect to time spent reviewing or revising time records and preparing, reviewing, and revising invoices;

f)      in providing a reimbursable expense, K&E does not make a profit on that expense, whether the service is performed by K&E in-house or through a third party;

2

g)    in accordance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between K&E and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules; and

h)    all services for which compensation is sought were professional services on behalf of the Debtors and not on behalf of any other person.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  February 2, 2018                                   Respectfully submitted,

                                                   */s/ Patrick J. Nash, Jr., P.C.*
                                                   Patrick J. Nash, Jr.
                                                   as President of Patrick J. Nash, Jr., P.C., as
                                                   Partner of Kirkland & Ellis LLP; and as Partner
                                                   of Kirkland & Ellis International LLP

## <u>Exhibit B</u>

## Proposed Retention Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL A&T ELECTRONICS LTD., *et al.*,[1] | ) | Case No. 17-23931 (RDD) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP
AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE
*NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the

Debtors to retain and employ Kirkland & Ellis LLP and Kirkland & Ellis International LLP

(collectively, "Kirkland") as their attorneys effective *nunc pro tunc* to the Petition Date, pursuant

to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules

2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York

(the "Local Bankruptcy Rules"); and the Court having reviewed the Application, the Declaration

of Patrick J. Nash, Jr., the president of Patrick J. Nash, Jr., P.C., a partner of Kirkland & Ellis LLP,

and a partner of Kirkland & Ellis International LLP (the "Nash Declaration"), and the declaration

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification,
registration, or like number, include:  Global A&T Electronics Ltd. (9744); Global A&T Finco Ltd. (N/A); UGS
America Sales, Inc. (7511); United Test and Assembly Center Ltd. (070H); UTAC (Shanghai) Co., Ltd. (919N);
UTAC (Taiwan) Corporation (9456); UTAC Cayman Ltd. (2839); UTAC Dongguan Ltd. (6386); UTAC Group
Global Sales Ltd. (0797); UTAC Headquarters Pte. Ltd. (214R); UTAC Hong Kong Limited (1526); UTAC Thai
Holdings Limited (4876); and UTAC Thai Limited (6324).  The debtors' service address for purposes of these
chapter 11 cases is:  11 Martine Avenue, 12th Floor, White Plains, New York 10606.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

of Michael E. Foreman, the General Counsel of Global A&T Electronics Ltd. (the "Foreman Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Nash Declaration that (a) Kirkland does not hold or represent an interest adverse to the Debtors' estates and (b) Kirkland is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted to the extent set forth herein.

2.      The Debtors are authorized to retain and employ Kirkland as their attorneys *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**.

2

3.      Kirkland is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter. Specifically, but without limitation, Kirkland will render the following legal services:

a.      advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

b.      advising and consulting on their conduct during these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

c.      attending meetings and negotiating with representatives of creditors and other parties in interest;

d.      taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e.      preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f.      representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

g.      advising the Debtors in connection with any potential sale of assets;

h.      appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

i.      advising the Debtors regarding tax matters;

j.      taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

k.      performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

4.      Kirkland shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court.

5.      Notwithstanding anything in the Engagement Letter to the contrary, Kirkland shall apply any remaining amounts of its prepetition security retainers as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Kirkland. Kirkland is authorized without further order of the Court to reserve and apply amounts from the prepetition security retainers that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse Kirkland for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

6.      Kirkland shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Kirkland to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

7.      Kirkland shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

4

8.      The Debtors and Kirkland are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

10.     To the extent the Application, the Nash Declaration, the Foreman Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

White Plains, New York
Dated: _____, 2018

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit C

**Engagement Letter**

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

300 North LaSalle

Chicago, Illinois 60654

(312) 862-2000

www.kirkland.com

Patrick J. Nash, Jr. P.C.
To Call Writer Directly:
(312) 862-2290

patrick.nash@kirkland.com

Facsimile:
(312) 862-2200

Dated as of
August 16, 2017

**Via Electronic Mail**

Global A&T Electronics Ltd.
and the Entities Identified on Exhibit A
11 Martine Avenue, 12th Floor
White Plains, NY 10606
(914) 684-1600
Attention: Michael E. Foreman

<div align="center">

Re:    Retention to Provide Legal Services

</div>

Dear Michael:

We are very pleased that you have asked us to represent Global A&T Electronics Ltd. and only those wholly or partially owned subsidiaries listed in an addendum or supplement to this letter (collectively, "Client") in connection with a potential restructuring. Please note, the Firm's representation is only of Client; the Firm does not and will not represent any direct or indirect shareholder, director, officer, partner, employee, affiliate, or joint venturer of Client or of any other entity.

**General Terms.**   This retention letter (this "Agreement") sets forth the terms of Client's retention of Kirkland & Ellis LLP (and its affiliated entity Kirkland & Ellis International LLP (collectively, the "Firm")) to provide legal services and constitutes an agreement between the Firm and Client (the "Parties"). This Agreement sets forth the Parties' entire agreement for rendering professional services for the current matter, as well as for all other existing or future matters (collectively, the "Engagement"), except where the Parties otherwise agree in writing. This Agreement supersedes in its entirety all prior letters of engagement.

**Fees.**   The Firm will bill Client for fees incurred at its regular hourly rates and in quarterly increments of an hour (or in smaller time increments as otherwise required by a court). The Firm reserves the right to adjust the Firm's billing rates from time to time in the ordinary course of the Firm's representation of Client.

# KIRKLAND & ELLIS LLP

Michael E. Foreman
August 16, 2017
Page 2

Although the Firm will attempt to estimate fees to assist Client in Client's planning if requested, such estimates are subject to change and are not binding unless otherwise expressly and unequivocally stated in writing.

**Expenses.**   Expenses related to providing services shall be included in the Firm's statements as disbursements advanced by the Firm on Client's behalf.  Such expenses include photocopying, printing, scanning, witness fees, travel expenses, filing and recording fees, certain secretarial overtime, and other overtime expenses, postage, express mail, and messenger charges, deposition costs, computerized legal research charges, and other computer services, and miscellaneous other charges.  Client shall pay directly (and is solely responsible for) certain larger costs, such as consultant or expert witness fees and expenses, and outside suppliers' or contractors' charges, unless otherwise agreed by the Parties.  By executing this Agreement below, Client agrees to pay for all charges in accordance with the Firm's schedule of charges, a copy of which is attached hereto at Schedule 1, as revised from time to time.

**Billing Procedures.**   The Firm's statements of fees and expenses are typically delivered monthly, but the Firm reserves the right to alter the timing of delivering its statements depending on circumstances. Client may have the statement in any reasonable format it chooses, but the Firm will select an initial format for the statement unless Client otherwise requests in writing. Depending on the circumstances, however, estimated or summary statements may be provided, with time and expense details to follow thereafter.

**Retainer.**   Client agrees to provide to the Firm a "security retainer," as defined in *Dowling v. Chicago Options Assoc., Inc.*, 875 N.E.2d 1012, 1018 (Ill. 2007), and *In re Caesars Entm't Operating Co., Inc.*, No. 15-01145 (ABG) (Bankr. N.D. Ill. May 28, 2015) (and cases cited therein), in the amount of $4,000,000.00.  In addition, Client agrees to provide one or more additional security retainers upon request by the Firm so that the amount of any security retainers remains at or above the Firm's estimated fees and expenses.  The Firm may apply security retainers to any outstanding fees as services are rendered and to expenses as they are incurred.

A security retainer remains the property of Client until the Firm applies it to charges for services that are actually rendered and expenses that are incurred.  Any unearned funds are then returned to Client.  By executing this Agreement, Client agrees and acknowledges that funds in a security retainer can be subject to claims of Client's creditors and, if taken by creditors, may leave Client unable to pay for ongoing legal services, which may result in the Firm being unable to continue the Engagement.  Moreover, a security retainer creates clawback risks for the Firm in the event of an insolvency proceeding. Client further understands and acknowledges that the use of security retainers is an integral condition of the Engagement, and is necessary to ensure that: Client continues to have access to the Firm's services; the Firm is compensated for its representation of Client; and that in light of the foregoing, the provision of the security retainers

# KIRKLAND & ELLIS LLP

Michael E. Foreman
August 16, 2017
Page 3

is in Client's best interests.  The fact that Client has provided the Firm with an security retainer does not affect Client's right to terminate the client-lawyer relationship.  The choice of the type of retainer to be used is Client's choice alone, but for the Engagement and for the reasons set forth above, the Firm is unwilling to represent Client in the Engagement without using the security retainer.

The Firm will cause this amount to be deposited in a segregated client trust account ("Account") at a bank, established pursuant to court rules of ethics for nominal segregated client funds, under which you will not earn interest. Client agrees that the Account will be maintained at: Citibank, N.A. (the "Bank"), located at 153 East 53rd Street, New York, New York 10022. The Firm shall not be responsible for any loss with respect to such Account.  Client hereby grants to the Firm a continuing lien and security interest in and to these monies, and any other things of value, at any time paid, deposited, credited or held by the Firm in connection with the Firm's representation of Client. Upon termination of the Firm's representation of Client, the Firm will withdraw from such segregated account any amounts owing to the Firm for fees and costs and will remit to Client any excess funds.

Our wire transfer instructions are set forth below.

| FROM A U.S. BANK | FROM A NON-U.S. BANK |
|---|---|
| Bank Name: Citibank, N.A. | Bank Name: Citibank, N.A. |
| ABA Route/Transit Number:  021000089 | ABA Route/Transit Number:  021000089 |
| Account Name:  KIRKLAND & ELLIS LLP | SWIFT Code:  021000089 |
| Account Number:  37193045 | Account Name:  KIRKLAND & ELLIS LLP |
| Matter:  Global A&T Electronics Ltd. | Account Number:  37193045 |
| | Matter:  Global A&T Electronics Ltd. |

**Termination.**  The Engagement may be terminated by either Party at any time by written notice by or to Client.  The Engagement will end at the earliest of (a) Client's termination of the Engagement, (b) the Firm's withdrawal, and (c) the substantial completion of the Firm's substantive work.  If permission for withdrawal is required by a court, the Firm shall apply promptly for such permission, and termination shall coincide with the court order for withdrawal. If this Agreement or the Firm's services are terminated for any reason, such termination shall be effective only to terminate the Firm's services prospectively and all the other terms of this Agreement shall survive any such termination.

Upon cessation of the Firm's active involvement in a particular matter (even if the Firm continues active involvement in other matters on Client's behalf), the Firm will have no further

# KIRKLAND & ELLIS LLP

Michael E. Foreman
August 16, 2017
Page 4

duty to inform Client of future developments or changes in law as may be relevant to such matter.  Further, unless the Parties mutually agree in writing to the contrary, the Firm will have no obligation to monitor renewal or notice dates or similar deadlines that may arise from the matters for which the Firm had been retained.

**Cell Phone and E-Mail Communication.**  The Firm hereby informs Client and Client hereby acknowledges that the Firm's attorneys sometimes communicate with their clients and their clients' professionals and agents by cell telephone, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that Client must inform the Firm if Client does not wish the Firm to discuss privileged matters on cell telephones with Client or Client's professionals or agents.

The Firm hereby informs Client and Client hereby acknowledges that the Firm's attorneys sometimes communicate with their clients and their clients' professionals and agents by unencrypted e-mail, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that Client must inform the Firm if Client wishes to institute a system to encode all e-mail between the Firm and Client or Client's professionals or agents.

**File Retention.**  All records and files will be retained and disposed of in compliance with the Firm's policy in effect from time to time.  Subject to future changes, it is the Firm's current policy generally not to retain records relating to a matter for more than five years.  Upon Client's prior written request, the Firm will return client records that are Client's property to Client prior to their destruction.  It is not administratively feasible for the Firm to advise Client of the closing of a matter or the disposal of records.  The Firm recommends, therefore, that Client maintain Client's own files for reference or submit a written request for Client's client files promptly upon conclusion of a matter.  Notwithstanding anything to the contrary herein, Client acknowledges and agrees that any applicable privilege of Client (including any attorney-client and work product privilege or any duty of confidentiality) (collectively, the "Privileges") belongs to Client alone and not to any successor entity (including without limitation the Client after a change in control or other similar restructuring or non-restructuring transaction (including without limitation a reorganized Client after the effective date of a plan of reorganization), whether through merger, asset or equity sale, business combination, or otherwise, irrespective of whether such transaction occurs in a Restructuring Case or on an out-of-court basis (in each case, a "Transaction")).  Client hereby waives any right, title, and interest of such successor entity to all information, data, documents, or communications in any format covered by the Privileges that is in the possession of the Firm ("Firm Materials"), to the extent that such successor entity had any right, title, and interest to such Firm Materials.  For the avoidance of doubt, Client agrees and acknowledges that after a Transaction, such successor entity shall have no right to claim or waive the Privileges or request the return of any such Firm Materials; instead, such Firm

## KIRKLAND & ELLIS LLP

Michael E. Foreman
August 16, 2017
Page 5

Materials shall remain in the Firm's sole possession and control for its exclusive use, and the Firm will (a) not waive any Privileges or disclose the Firm Materials, (b) take all reasonable steps to ensure that the Privileges survive and remain in full force and effect, and (c) assert the Privileges to prevent disclosure of any Firm Materials.

**Conflicts of Interest.**  As is customary for a law firm of the Firm's size, there are numerous business entities, with which Client currently has relationships, that the Firm has represented or currently represents in matters unrelated to Client.  The Firm notes that the Firm currently represents or has represented certain of Client's equity sponsors, noteholders, trade creditors or their affiliates (collectively, the "Interested Parties") and will continue to do so in such unrelated matters.  Because Client is engaged in activities (and may in the future engage in additional activities) in which Client's interests may diverge from those of the Interested Parties or the Firm's other clients, the possibility exists that the Interested Parties or one of the Firm's clients may take positions adverse to Client.

Further, in undertaking the representation of Client, the Firm wants to be fair not only to Client's interests but also to those of the Firm's other clients.  Because Client is engaged in activities (and may in the future engage in additional activities) in which its interests may diverge from those of the Firm's other clients, the possibility exists that one of the Firm's current or future clients may take positions adverse to Client (including litigation or other dispute resolution mechanisms) in a matter in which the Firm may be retained.  In the event a present conflict of interest exists between Client and the Firm's other clients or in the event one arises in the future, Client agrees to waive any such conflict of interest or other objection that would preclude the Firm's representation of another client (a) in other current or future matters substantially unrelated to the Engagement or (b) other than during a Restructuring Case (as defined below), in other matters related to Client (including in litigation, arbitration or other dispute resolution mechanisms).  Client also agrees that the Firm's representation in the Engagement is solely of Client and that no member or other entity or person related to it (such as a shareholder, director, officer, partner, employee, or joint venturer) has the status of a client for conflict of interest purposes.

The Firm informs Client that certain entities owned by current or former Firm attorneys and senior staff ("attorney investment entities") have investments in funds or companies that may, directly or indirectly, be affiliated with Client, hold investments in Client's debt or equity securities, or conduct commercial transactions with Client (each, a "Passive Holding").  The attorney investment entities are passive and have no management or other control rights in such funds or companies.  The Firm notes that other persons may in the future assert that a Passive Holding creates, in certain circumstances, a conflict between the Firm's exercise of its independent professional judgment in rendering advice to Client and the financial interest of Firm attorneys participating in the attorney investment entities, and such other persons might

## KIRKLAND & ELLIS LLP

Michael E. Foreman
August 16, 2017
Page 6

seek to limit Client's ability to use the Firm to advise Client on a particular matter.  While the Firm cannot control what a person might assert or seek, the Firm believes that the Firm's judgment will not be compromised by virtue of any Passive Holding.  Please let us know if Client has any questions or concerns regarding the Passive Holdings.  By executing this letter, Client acknowledges the Firm's  disclosure of the foregoing.

**Restructuring Cases**.  If it becomes necessary for Client to commence a restructuring case under chapter 11 of the U.S. Bankruptcy Code (a "Restructuring Case"), the Firm's ongoing employment by Client will be subject to the approval of the court with jurisdiction over the petition.  If necessary, the Firm will take steps necessary to prepare the disclosure materials required in connection with the Firm's retention as lead restructuring counsel.  In the near term, the Firm will begin conflicts checks on potentially interested parties as provided by Client.

If necessary, the Firm will prepare a preliminary draft of a schedule describing the Firm's relationships with certain interested parties (the "Disclosure Schedule").  The Firm will give Client a draft of the Disclosure Schedule once it is available.  Although the Firm believes that these relationships do not constitute actual conflicts of interest, these relationships must be described and disclosed in Client's application to the court to retain the Firm.

If in the Firm's determination a conflict of interest arises in Client's Restructuring Case requiring separate conflicts counsel, then Client will be required to use separate conflicts counsel in those matters.

**No Guarantee of Success.**  It is impossible to provide any promise or guarantee about the outcome of Client's matters.  Nothing in this Agreement or any statement by Firm staff or attorneys constitutes a promise or guarantee.  Any comments about the outcome of Client's matter are simply expressions of judgment and are not binding on the Firm.

**Consent to Use of Information.**  In connection with future materials that, for marketing purposes, describe facets of the Firm's law practice and recite examples of matters the Firm handles on behalf of clients, Client agrees that, if those materials avoid disclosing Client's confidences and secrets as defined by applicable ethical rules, they may identify Client as a client, may contain factual synopses of Client's matters, and may indicate generally the results achieved.

**Reimbursement of Fees and Expenses.**  Client agrees to promptly reimburse the Firm for all internal or external fees and expenses, including the amount of the Firm's attorney and paralegal time at normal billing rates, as incurred by the Firm in connection with participating in, preparing for, or responding to any action, claim, objection, suit, or proceeding brought by or against any third-party that relates to the legal services provided by the Firm under this Agreement.  Without limiting the scope of the foregoing, and by way of example only, this

# KIRKLAND & ELLIS LLP

Michael E. Foreman
August 16, 2017
Page 7

paragraph extends to all such fees and expenses incurred by the Firm: in responding to document subpoenas, and preparing for and testifying at depositions and trials; and with respect to the filing, preparation, prosecution or defense of any applications by the Firm for approval of fees and expenses in a judicial, arbitral, or similar proceeding.   Further, Client understands, acknowledges, and agrees that in connection with a Restructuring Case, if Client has not objected to the payment of a Firm invoice or to a Firm fee and expense application, has in fact paid such invoice, or has approved such fee and expense application, then Client waives its right (and the right of any successor entity as a result of a Transaction or otherwise) to subsequently object to the payment of fees and expenses covered by such invoice or fee application.

**LLP.**   Kirkland & Ellis LLP is a limited liability partnership organized under the laws of Illinois, and Kirkland & Ellis International LLP is a limited liability partnership organized under the laws of Delaware.   Pursuant to those statutory provisions, an obligation incurred by a limited liability partnership, whether arising in tort, contract or otherwise, is solely the obligation of the limited liability partnership, and partners are not personally liable, directly or indirectly, by way of indemnification, contribution, assessment or otherwise, for such obligation solely by reason of being or so acting as a partner.

**Governing Law**.   This Agreement shall be governed by, and construed in accordance with, the laws of the State of Illinois, without giving effect to the conflicts of law principles thereof.

**Miscellaneous.**   This Agreement sets forth the Parties' entire agreement for rendering professional services.   It can be amended or modified only in writing and not orally or by course of conduct.   Each Party signing below is jointly and severally responsible for all obligations due to the Firm and represents that each has full authority to execute this Agreement so that it is binding.   This Agreement may be signed in one or more counterparts and binds each Party countersigning below, whether or not any other proposed signatory ever executes it.   If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or application, and to this end the provisions of this Agreement are declared to be severable.   Any agreement or waiver contained herein by Client extends to any assignee or successor in interest to Client, including without limitation the reorganized Client upon and after the effective date of a plan of reorganization in a Restructuring Case.

This Agreement is the product of arm's-length negotiations between sophisticated parties, and Client acknowledges that it is experienced with respect to the retention of legal counsel.   Therefore, the Parties acknowledge and agree that any otherwise applicable rule of contract construction or interpretation which provides that ambiguities shall be construed against

# KIRKLAND & ELLIS LLP

Michael E. Foreman
August 16, 2017
Page 8

the drafter (and all similar rules of contract construction or interpretation) shall not apply to this Agreement.  The Parties further acknowledge that the Firm is not advising Client with respect to this Agreement because the Firm would have a conflict of interest in doing so, and that Client has consulted (or had the opportunity to consult) with legal counsel of its own choosing.  Client further acknowledges that Client has entered into this Agreement and agreed to all of its terms and conditions voluntarily and fully-informed, based on adequate information and Client's own independent judgment.  The Parties further acknowledge that they intend for this Agreement to be effective and fully enforceable upon its execution and to be relied upon by the Parties.

* * *

## KIRKLAND & ELLIS LLP

Michael E. Foreman
August 16, 2017
Page 8

Please confirm Client's agreement with the arrangements described in this letter by signing below and returning it to me.

Very truly yours,

KIRKLAND & ELLIS LLP

By: _Patrick J. Nash, Jr. P.C. / GFP_
Printed Name:  Patrick J. Nash, Jr.
Title:  Partner


Agreed and accepted this _16th_ day of August, 2017

GLOBAL A&T ELECTRONICS LTD.

By: _Michael Foreman_
Name: _Michael E. Foreman_
Title: _General Counsel_

# KIRKLAND & ELLIS LLP

Michael E. Foreman
August 16, 2017
Page 10

## ADDENDUM: List of Client Subsidiaries

Global A&T Electronics Ltd.
UTAC Headquarters Pte. Ltd.
United Test and Assembly Center Ltd.
UTAC Hong Kong Limited
UTAC Thai Holdings Limited
UTAC Cayman Ltd.
UTAC Thai Limited
UTAC (Taiwan) Corporation
UTAC Dongguan Ltd.
UTAC (Shanghai) Co., Ltd.
Global A&T Finco Ltd.
UGS America Sales Inc.

Attention: Michael E. Foreman
August 16, 2017
Page No. 1

**KIRKLAND & ELLIS LLP**

**CLIENT-REIMBURSABLE EXPENSES AND OTHER CHARGES**

*Effective 01/01/2017*

The following outlines Kirkland & Ellis LLP's ("K&E LLP") policies and standard charges for various services performed by K&E LLP and/or by other third parties on behalf of the client which are often ancillary to our legal services.  Services provided by in-house K&E LLP personnel are for the convenience of our clients.  Given that these services are often ancillary to our legal services, in certain instances it may be appropriate and/or more cost efficient for these services to be outsourced to a third-party vendor.  If services are provided beyond those outlined below, pricing will be based on K&E LLP's approximate cost and/or comparable market pricing.

- **Duplicating, Reprographics and Printing**:  The following list details K&E LLP's charges for duplicating, reprographics and printing services:

    ‣ Black and White Copy or Print (all sizes of paper):
      - $0.16 per impression for all U.S. offices
      - €0.10 per impression in Munich
      - £0.15 per impression in London
      - HK$1.50 per impression in Hong Kong
      - RMB1.00 per impression in Beijing and Shanghai
    ‣ Color Copy or Print (all sizes of paper):
      - $0.55 per impression
    ‣ Scanned Images:
      - $0.16 per page for black and white or color scans
    ‣ Other Services:
      - CD/DVD Duplicating or Mastering - $7/$10 per CD/DVD
      - Binding - $0.70 per binding
      - Large or specialized binders - $13/$27
      - Tabs - $0.13 per item
      - OCR/File Conversion - $0.03 per page
      - Production Blowbacks - $0.10 per page for electronic batch printing over 500 pages
      - Large Format Printing - $1.00 per sq. ft.

- **Secretarial and Word Processing**:  Clients are not charged for secretarial and word processing activities incurred on their matters during standard business hours.

- **Overtime Charges**:  Clients will be charged for overtime costs for secretarial and document services work if either (i) the client has specifically requested the after-hours work or (ii) the nature of the work being done for the client necessitates

Attention: Michael E. Foreman
August 16, 2017
Page No. 2

out-of-hours overtime and such work could not have been done during normal
working hours.  If these conditions are satisfied, costs for related overtime meals
and transportation also will be charged.

- **Travel Expenses**:  We charge clients our out-of-pocket costs for travel expenses
  including associated travel agency fees.  We charge coach fares (business class
  for international flights) unless the client has approved business-class, first-class
  or an upgrade.  K&E LLP personnel are instructed to incur only reasonable
  airfare, hotel and meal expenses.  K&E LLP negotiates, uses, and passes along
  volume discount hotel and air rates whenever practicable.  However, certain
  retrospective rebates may not be passed along.

- **Catering Charges:**  Clients will be charged for any in-house catering service
  provided in connection with client matters.

- **Communication Expenses**:  We do not charge clients for telephone calls or faxes
  made from K&E LLP's offices with the exception of third-party conference calls
  and videoconferences.

  Charges incurred for conference calls, videoconferences, cellular telephones, and
  calls made from other third-party locations will be charged to the client at the
  actual cost incurred.  Further, other telecommunication expenses incurred at third-
  party locations (e.g., phone lines at trial sites, Internet access, etc.) will be charged
  to the client at the actual cost incurred.

- **Overnight Delivery/Postage**:  We charge clients for the actual cost of overnight
  and special delivery (e.g., Express Mail, FedEx, and DHL), and U.S. postage for
  materials mailed on the client's behalf.  K&E LLP negotiates, uses, and passes
  along volume discount rates whenever practicable.

- **Messengers**:  We charge clients for the actual cost of a third party vendor
  messenger.  Where a K&E LLP in-house messenger is used, we charge clients a
  standard transaction charge plus applicable cab fare.

- **Library Research Services:**  Library Research staff provides research and
  document retrieval services at the request of attorneys, and clients are charged per
  hour for these services.  Any expenses incurred in connection with the request,
  such as outside retrieval service or online research charges, are passed on to the
  client at cost, including any applicable discounts.

- **Online Research Charges**:  K&E LLP charges for costs incurred in using third-
  party online research services in connection with a client matter.  K&E LLP
  negotiates and uses discounts or special rates for online research services
  whenever possible and practicable and passes through the full benefit of any
  savings to the client based on actual usage.

2

Attention: Michael E. Foreman
August 16, 2017
Page No. 3

- **Inter-Library Loan Services:** Our standard client charge for inter-library loan services when a K&E LLP library employee borrows a book from an outside source is $25 per title. There is no client charge for borrowing books from K&E LLP libraries in other cities or from outside collections when the title is part of the K&E LLP collection but unavailable.

- **Off-Site Legal Files Storage**: Clients are not charged for off-site storage of files unless the storage charge is approved in advance.

- **Electronic Data Storage**: K&E LLP will not charge clients for costs to store electronic data and files on K&E LLP's systems if the data stored does not exceed 100 gigabytes (GB). If the data stored for a specific client exceeds 100GB, K&E LLP will charge clients $4.00 per month/per GB for all network data stored until the data is either returned to the client or properly disposed of. For e-discovery data on the Relativity platform, K&E LLP will also charge clients $4.00 per month/per GB until the data is either returned to the client or properly disposed of.

- **Calendar Court Services**: Our standard charge is $25 for a court filing and other court services or transactions.

- **Supplies**: There is no client charge for standard office supplies. Clients are charged for special items (e.g., a minute book, exhibit tabs/indexes/dividers, binding, etc.) and then at K&E LLP's actual cost.

- **Contract Attorneys and Contract Non-Attorney Billers**: If there is a need to utilize a contract attorney or contract non-attorney on a client engagement, clients will be charged a standard hourly rate for these billers unless other specific billing arrangements are agreed between K&E LLP and client.

- **Expert Witnesses, Experts of Other Types, and Other Third Party Consultants**: If there is a need to utilize an expert witness, expert of other type, or other third party consultant such as accountants, investment bankers, academicians, other attorneys, etc. on a client engagement, clients will be requested to retain or pay these individuals directly unless specific billing arrangements are agreed between K&E LLP and client.

- **Third Party Expenditures**: Third party expenditures (e.g., corporate document and lien searches, lease of office space at Trial location, IT equipment rental, SEC and regulatory filings, etc.) incurred on behalf of a client, will be passed through to the client at actual cost. If the invoice exceeds $50,000, it is K&E LLP's policy that wherever possible such charges will be directly billed to the client. In those circumstances where this is not possible, K&E LLP will seek reimbursement from our client prior to paying the vendor.

Attention: Michael E. Foreman
August 16, 2017
Page No. 4


Unless otherwise noted, charges billed in foreign currencies are determined annually based on current U.S. charges at an appropriate exchange rate.

## <u>Exhibit D</u>

**Budget and Staffing Plan**

## Budget and Staffing Plan

**(For Matter Categories for the Period Beginning on December 17, 2017 and Ending on December 31, 2017)**

### Budget

| Matter Number | Project Category Description | Hours Budgeted | Total Compensation Budgeted |
|---|---|---|---|
| 2 | Chapter 11 Filing | 50 – 70 | $28,000 – $40,000 |
| 3 | Case Administration | 175 – 190 | $125,000 – $140,000 |
| 4 | Disclosure Statement, Plan, and Confirmation | 610 – 660 | $475,000 – $515,000 |
| 5 | Hearings | 120 – 130 | $95,000 – $105,000 |
|  | Total | 955 – 1050 | $723,000 – $800,000 |

### Staffing Plan

| Category of Timekeeper | Number of Timekeepers Expected to Work on the Matter Categories During the Budget Period | Average Hourly Rate[1] |
|---|---|---|
| Partner | 9 | $1,203 |
| Associate | 10 | $717 |
| Paralegal | 2 | $310 |
| Support Staff | 1 | $330 |
| **Total** | 22 | $703 |

---

[1]    The Average Hourly Rate is a weighted average based on the individual hourly rate of, and projected number of hours worked by, each timekeeper over the course of the chapter 11 cases.

**Exhibit E**

**Voluntary Rate Disclosures**

- The blended hourly rate for all K&E domestic timekeepers (including both professionals and paraprofessionals) who billed to non-bankruptcy matters (collectively, the "Non-Bankruptcy Matters")[1] during the 12-month period beginning on January 1, 2017 and ending on December 31, 2017 (the "Comparable Period") was, in the aggregate, approximately $813.40 per hour (the "Non-Bankruptcy Blended Hourly Rate").[2]

- The blended hourly rate for all K&E timekeepers (including both professionals and paraprofessionals) who billed to the Debtors during the Fee Period was approximately $761.85 per hour (the "Debtor Blended Hourly Rate").[3]

- A detailed comparison of these rates is as follows:

| Position at K&E | Debtor Blended Hourly Rate for This Fee Application | Non-Bankruptcy Blended Hourly Rate |
|---|---|---|
| Partner | $1,107.51 | $1,092.13 |
| Of Counsel | $0.00 | $838.02 |
| Associate | $715.17 | $688.12 |
| Visiting Attorney | $0.00 | $502.93 |
| Law Clerk | $290.00 | $317.14 |
| Paralegal | $382.18 | $312.77 |
| Junior Paralegal | $240.00 | $206.28 |
| Support Staff | $326.76 | $291.06 |
| Total | $761.85 | $813.40 |

[1]    It is the nature of K&E's practice that certain non-bankruptcy engagements require the advice and counsel of professionals and paraprofessionals who work primarily within K&E's Restructuring Group. Accordingly, "Non-Bankruptcy Matters" consist of matters for which K&E domestic timekeepers represented a client in a matter other than an in-court bankruptcy proceeding. Moreover, the Non-Bankruptcy Matters include time billed by K&E domestic timekeepers who work primarily within K&E's Restructuring Group.

[2]    K&E calculated the blended rate for Non-Bankruptcy Matters by dividing the *total dollar amount* billed by K&E domestic timekeepers to the Non-Bankruptcy Matters during the Comparable Period by the *total number of hours* billed by K&E domestic timekeepers to the Non-Bankruptcy Matters during the Comparable Period.

[3]    K&E calculated the blended rate for timekeepers who billed to the Debtors by dividing the *total dollar amount billed* by such timekeepers during the Fee Period by the *total number of hours billed* by such timekeepers during the Fee Period.

**<u>Exhibit F</u>**

**Summary of Total Fees Incurred and Hours Billed During the Fee Period**

| Attorney Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed | | Fees Billed |
| | | | | | | | In this Application | In the First Interim Application | In this Application at First Interim Application Billing Rate |
| Damien Coles | Partner | Restructuring | 2006 | $328.50 | 0.30 | N/A | $1,095.00 | N/A | N/A |
| Thad Davis | Partner | Taxation | 2005 | $1,237.50 | 1.10 | N/A | $1,125.00 | N/A | N/A |
| Daniel Dusek | Partner | Corporate | 2001 | $14,250.00 | 10.00 | N/A | $1,425.00 | N/A | N/A |
| Samantha Good, P.C. | Partner | Corporate | 1997 | $3,486.00 | 2.80 | N/A | $1,245.00 | N/A | N/A |
| Marc Kieselstein, P.C. | Partner | Restructuring | 1988 | $5,752.50 | 3.90 | N/A | $1,475.00 | N/A | N/A |
| Neil McDonald | Partner | Restructuring | 2002 | $2,137.50 | 1.50 | N/A | $1,425.00 | N/A | N/A |
| Patrick J. Nash Jr., P.C. | Partner | Restructuring | 1996 | $37,335.00 | 26.20 | N/A | $1,425.00 | N/A | N/A |
| Michael B. Slade | Partner | Litigation | 1999 | $25,164.00 | 21.60 | N/A | $1,165.00 | N/A | N/A |
| Shireen Barday | Partner | Litigation | 2009 | $24,414.50 | 25.30 | N/A | $965.00 | N/A | N/A |
| Robert Goedert | Partner | Corporate | 2007 | $15,265.00 | 14.20 | N/A | $1,075.00 | N/A | N/A |
| Erik Hepler | Partner | Corporate | 1990 | $1,195.00 | 1.00 | N/A | $1,195.00 | N/A | N/A |
| Aditi Iyer | Partner | Corporate | 2011 | $27,760.50 | 27.90 | N/A | $995.00 | N/A | N/A |
| Nisha Kanchanapoomi | Partner | Corporate | 2006 | $21,392.50 | 19.90 | N/A | $1,075.00 | N/A | N/A |
| Daniel R. Lindsey | Partner | Corporate | 2009 | $6,965.00 | 7.00 | N/A | $995.00 | N/A | N/A |
| Gregory F. Pesce | Partner | Restructuring | 2011 | $57,411.50 | 57.70 | N/A | $995.00 | N/A | N/A |
| Amanda Chen | Associate | Restructuring | 2014 | $6,438.50 | 7.90 | N/A | $815.00 | N/A | N/A |
| Kevin Frank | Associate | Corporate | 2014 | $35,295.00 | 39.00 | N/A | $905.00 | N/A | N/A |
| Liliya Gritsenko | Associate | Corporate | 2015 | $21,209.00 | 25.40 | N/A | $835.00 | N/A | N/A |
| Andrew Kilpinen | Associate | Restructuring | 2016 | $30,969.00 | 55.80 | N/A | $555.00 | N/A | N/A |
| Laura Krucks | Associate | Restructuring | 2015 | $39,078.00 | 46.80 | N/A | $835.00 | N/A | N/A |
| Christine Lehman | Associate | Taxation | 2014 | $422.50 | 0.50 | N/A | $845.00 | N/A | N/A |
| Jamie Netznik | Associate | Restructuring | 2013 | $23,982.50 | 26.50 | N/A | $905.00 | N/A | N/A |
| Brett Newman | Associate | Restructuring | 2016 | $27,670.50 | 42.90 | N/A | $645.00 | N/A | N/A |
| Michael Rackham | Associate | Corporate | 2013 | $10,062.50 | 11.50 | N/A | $875.00 | N/A | N/A |
| Matthew Smart | Associate | Restructuring | 2016 | $29,863.50 | 46.30 | N/A | $645.00 | N/A | N/A |
| Evelyn Wang | Associate | Corporate | 2017 | $11,000.00 | 27.50 | N/A | $400.00 | N/A | N/A |
| David Zobell | Associate | Corporate | 2015 | $3,234.00 | 4.40 | N/A | $735.00 | N/A | N/A |
| **Totals for Attorneys** | | | | **$483,320.00** | **554.90** | | | | |

| Paraprofessional Name | Position | Department | Date of Admission | Fees Billed In this Application | Hours Billed In this Application | Number of Rate Increases | Hourly Rate Billed In this Application | Hourly Rate Billed In the First Interim Application | Fees Billed In this Application at First Interim Application Billing Rate |
|---|---|---|---|---|---|---|---|---|---|
| Hana Ma | Law Clerk | Restructuring | N/A | $319.00 | 1.10 | N/A | $290.00 | N/A | N/A |
| Anthony C. Abate | Paralegal | Restructuring | N/A | $72.00 | 0.30 | N/A | $240.00 | N/A | N/A |
| Beth Friedman | Paralegal | Restructuring | N/A | $1,722.00 | 4.10 | N/A | $420.00 | N/A | N/A |
| Carrie Oppenheim | Paralegal | Restructuring | N/A | $19,608.00 | 51.60 | N/A | $380.00 | N/A | N/A |
| Julia Foster | Junior Paralegal | Restructuring | N/A | $14,136.00 | 58.90 | N/A | $240.00 | N/A | N/A |
| Michael Y. Chan | Conflicts Analyst I | Administrative Services | N/A | $105.00 | 0.50 | N/A | $210.00 | N/A | N/A |
| Roman Bielski | Senior Trial Technology Specialist | Litigation | N/A | $5,940.00 | 18.00 | N/A | $330.00 | N/A | N/A |
| **Totals for Paraprofessionals** | | | | **$41,902.00** | **134.50** | | | | |

## **Exhibit G**

**Summary of Actual and Necessary Expenses for the Fee Period**

## Summary of Actual and Necessary Expenses for the Fee Period

| Expense | Vendor (if any) | Unit Cost (if applicable) | Amount |
|---|---|---|---|
| Third Party Telephone Charges | West Unified Communications Services Inc. | | $1,092.42 |
| Standard Copies or Prints | Internal (Kirkland & Ellis LLP) | | $782.50 |
| Color Copies or Prints | Internal (Kirkland & Ellis LLP) | $0.10 per page | $990.55 |
| Scanned Images | Internal (Kirkland & Ellis LLP) | $0.10 per page | $1.00 |
| Production Blowbacks | Internal (Kirkland & Ellis LLP) | | $243.80 |
| Outside Messenger Services | Crown Delivery & Logistics | | $46.20 |
| Local Transportation | | | $1,192.98 |
| Travel Expense | | | $11,676.19 |
| Airfare | | | $8,463.63 |
| Transportation to/from airport | | | $1,723.28 |
| Travel Meals | | | $2,263.11 |
| Other Travel Expenses | | | $828.00 |
| Court Reporter Fee/Deposition | Veritext | | $732.25 |
| Filing Fees | | | $22,921.00 |
| Outside Copy/Binding Services | | | $5,599.54 |
| Outside Retrieval Service | | | $276.48 |
| LexisNexis Research | | | $97.20 |
| Overtime Transportation | | | $110.71 |
| Overtime Meals | Seamless North America LLC | | $500.00 |
| Rental Expenses | Aquipt Inc. | | $1,026.90 |
| Miscellaneous Office Expenses | | | $5.12 |
| **Total** | | | **$60,572.86** |

## **Exhibit H**

**Summary of Fees and Expenses by Matter for the Fee Period**

| Matter Number | Project Category Description | Hours | | Total Compensation | | Expenses | Total |
|---|---|---|---|---|---|---|---|
| | | Budgeted | Billed | Budgeted | Billed | | |
| 0002 | Chapter 11 Filing | 50 – 70 | 0 | $28,000 – $40,000 | $0.00 | $0.00 | $0.00 |
| 0003 | Case Administration | 175 - 190 | 147.60 | $125,000 - $140,000 | $65,794.00 | $59,065.58 | $124,859.58 |
| 0004 | Disclosure Statement, Plan, and Confirmation | 610 - 660 | 488.10 | $475,000 - $515,000 | $417,743.50 | $0.00 | $417,743.50 |
| 0005 | Hearings | 120 - 130 | 53.70 | $95,000 - $105,000 | $41,684.50 | $1,507.28 | $43,191.78 |
| **Total** | | **955 – 1050** | **689.40** | **$723,000 – $800,000** | **$525,222.00** | **$60,572.86** | **$585,794.86** |

**<u>Exhibit I</u>**

**Detailed Description of Services Provided**

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

FEIN 36-1326630

February 1, 2018

UTAC Headquarters Pte. Ltd.
22 Ang Mo Kio Industrial Park 2
Singapore  Singapore  569506

Attention:  John Nelson

**Invoice Number:  5268692**
**Client Matter: 43403-3**

___

**In the matter of    Case Administration**

For legal services rendered through December 21, 2017
(see attached Description of Legal Services for detail)     $ 65,794.00

For expenses incurred through December 21, 2017
(see attached Description of Expenses for detail)     $ 59,065.58

Total legal services rendered and expenses incurred     $ 124,859.58

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

## Summary of Hours Billed

| Name | Hours | Rate | Amount |
|------|------:|-----:|-------:|
| Anthony C Abate | .30 | 240.00 | 72.00 |
| Roman Bielski | 5.30 | 330.00 | 1,749.00 |
| Julia Foster | 53.50 | 240.00 | 12,840.00 |
| Beth Friedman | 4.10 | 420.00 | 1,722.00 |
| Andrew Kilpinen | 6.60 | 555.00 | 3,663.00 |
| Laura Krucks | 5.80 | 835.00 | 4,843.00 |
| Patrick J Nash Jr., P.C. | 5.10 | 1,425.00 | 7,267.50 |
| Jamie Netznik | 5.30 | 905.00 | 4,796.50 |
| Brett Newman | 6.30 | 645.00 | 4,063.50 |
| Carrie Oppenheim | 46.20 | 380.00 | 17,556.00 |
| Michael B Slade | 2.60 | 1,165.00 | 3,029.00 |
| Matthew Smart | 6.50 | 645.00 | 4,192.50 |
| **TOTALS** | **147.60** | | **$ 65,794.00** |

2

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

## Description of Legal Services

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/17/17 | Beth Friedman | .50 | Prepare materials re first day hearing. |
| 12/17/17 | Carrie Oppenheim | 12.60 | Travel from Chicago, IL to New York, NY re first day hearing (1.5) (billed at half time); review and revise voluntary petitions and first day motions (3.8); correspond with K&E team re same (.9); prepare and file chapter 11 documents (2.9); correspond with K&E team re same (1.2); prepare materials for first day hearing (1.6); correspond with K&E team, vendors re same (.7). |
| 12/17/17 | Julia Foster | 12.30 | Travel from Chicago, IL to New York, NY re Chapter 11 filing (1.5) (billed at half time); review and revise chapter 11 petitions (.3); review and revise first day motions (4.3); correspond with K&E team re same (1.1); prepare materials for filing (3.8); correspond with K&E team re same (1.3). |
| 12/17/17 | Jamie Netznik | 2.50 | Travel from Chicago, IL to White Plains, NY re first day hearing (billed at half time). |
| 12/17/17 | Matthew Smart | 2.60 | Travel from Chicago, IL to New York, NY re first day hearing (billed at half time). |
| 12/17/17 | Laura Krucks | 2.30 | Travel from Chicago, IL to New York, NY re first day hearing (billed at half time). |
| 12/17/17 | Brett Newman | 2.40 | Travel from Chicago, IL to New York, NY re first day hearing (billed at half time). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/17/17 | Andrew Kilpinen | 2.60 | Travel from Chicago, IL to New York, NY re first day hearing (billed at half time). |
| 12/18/17 | Michael B Slade | 1.30 | Travel from Chicago, IL to New York, NY for first-day hearing (billed at half time). |
| 12/18/17 | Beth Friedman | 1.20 | Prepare materials re first day hearing (.8); correspond with K&E team, Court re same (.4). |
| 12/18/17 | Carrie Oppenheim | 7.50 | Travel from New York, NY to White Plains, NY re first day hearing (.3) (billed at half time); travel from White Plains, NY to New York, NY re same (.6) (billed at half time); prepare hearing binders and materials for first day hearing (3.8); review, file Pesce solicitation affidavit (.2); correspond with K&E team, Prime Clerk re service of first day motions and solicitation materials (.4); review, revise case management order re court comments (.2); review, analyze precedent re same (.3); review, analyze precedent re cash collateral orders (.3); prepare and finalize orders for entry (1.4). |
| 12/18/17 | Patrick J Nash Jr., P.C. | 2.20 | Travel from Chicago, IL to White Plains, NY re first day hearing (billed at half time). |
| 12/18/17 | Julia Foster | 7.50 | Travel from White Plains, NY to New York, NY re first day hearing (.8) (billed at half time); prepare for first day hearing, prepare materials re same (6.7). |
| 12/18/17 | Jamie Netznik | 2.80 | Travel from White Plains, NY to Chicago, IL re first day hearing (billed at half time). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/18/17 | Matthew Smart | .80 | Travel from New York, NY to White Plains, NY re first day hearing (.4) (billed at half time); travel from White Plains, NY to New York, NY re same (.4) (billed at half time). |
| 12/18/17 | Laura Krucks | .90 | Travel from New York, NY to White Plains, NY re first day hearing (.5) (billed at half time); travel from White Plains, NY to New York, NY (.4) (billed at half time). |
| 12/18/17 | Anthony C Abate | .30 | Draft, compile, and file notice of redline of shareholder agreement. |
| 12/18/17 | Brett Newman | 1.00 | Travel from New York, NY to White Plains, NY (.4) (billed at half time); travel from White Plains, NY to New York, NY (.6) (billed at half time). |
| 12/18/17 | Andrew Kilpinen | 1.10 | Travel from White Plains, NY to New York, NY re first day hearing (billed at half time). |
| 12/19/17 | Beth Friedman | 1.40 | Telephone conference with chambers re outstanding issues (.3); correspond with same re orders (.4); review, analyze notice of confirmation hearing (.3); correspond with Court, K&E team re February hearing date options (.4). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/19/17 | Carrie Oppenheim | 4.80 | Review and submit proposed first day orders to chambers (.6); correspond with K&E team re omnibus hearing dates (.2); review and revise cash collateral and case management order re same (.3); prepare redlines re same (.2); draft and file notice of confirmation hearing (.5); prepare confirmation hearing materials (2.4); coordinate logistical issues re confirmation hearing and tech support (.3); correspond with B. Friedman re electronic device orders re confirmation hearing (.3). |
| 12/19/17 | Julia Foster | 9.40 | Prepare and distribute daily docket update re recently filed pleadings (.2); create notice of appearance and pro hac admission tracking chart (.4); review and cite-check confirmation brief for attorney review (7.5); review and revise agenda for confirmation hearing (.6); prepare notice of hearing re confirmation hearing (.7). |
| 12/20/17 | Beth Friedman | 1.00 | Obtain and distribute first day hearing transcript (.3); coordinate and prepare for confirmation hearing (.7). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/20/17 | Carrie Oppenheim | 13.60 | Draft and revise supplemental vote declaration (.6); review, revise confirmation hearing agenda (.8); draft plan objection chart (.4); prepare materials for confirmation hearing (3.7); review, revise confirmation brief (.9); draft notice of filing of confirmation order (.3); draft notice of filing of plan (.2); finalize and file supporting confirmation documents (3.3); review, analyze precedent re proof of claim objections (.4); draft and revise objection to JP Morgan proof of claim (.7); review and revise notice of hearing re Prime Clerk 327 retention (.3); correspond with M. Smart re objection deadlines (.2); correspond with K&E team, Court re electronic device orders re confirmation hearing (.3); coordinate logistical issues re White Plains trial site re confirmation hearing (1.5). |
| 12/20/17 | Julia Foster | 15.90 | Draft notice of hearing re Prime Clerk 327 retention (.4); review and revise confirmation brief (.6); draft declaration in support of Debtors' objection (.4); prepare confirmation brief for attorney review (.2); prepare orders re hearing (.6); review and revise confirmation order for attorney review (.6); prepare materials for filing (5.7); correspond with K&E team re same (1.2); prepare materials re confirmation hearing (4.8); prepare agenda and key documents binders re same (1.2); prepare minibooks re confirmation materials re same (.2). |
| 12/21/17 | Michael B Slade | 1.30 | Travel from White Plains, NY to Chicago, IL re confirmation hearing (billed at half time). |

7

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

| Date | Timekeeper | Hours | Description |
|---|---|---|---|
| 12/21/17 | Carrie Oppenheim | 7.70 | Travel from New York, NY to White Plains, NY re confirmation hearing (.6) (billed at half time); travel from White Plains, NY to Chicago, IL re confirmation hearing (3.1) (billed at half time); prepare confirmation hearing materials for court (4.0). |
| 12/21/17 | Patrick J Nash Jr., P.C. | 2.90 | Travel from New York, NY to Chicago, IL re same (billed at half time). |
| 12/21/17 | Roman Bielski | 5.30 | Prepare printer and technology in conference room re confirmation hearing preparations. |
| 12/21/17 | Julia Foster | 8.40 | Travel from New York, NY to White Plains, NY re confirmation hearing (.4) (billed at half time); travel from New York, NY to Chicago, IL re confirmation hearing (3.9) (billed at half time); prepare for confirmation hearing (4.1). |
| 12/21/17 | Matthew Smart | 3.10 | Travel from New York, NY to White Plains, NY re confirmation hearing (.5) (billed at half time); travel from White Plains, NY to Chicago, IL re confirmation hearing (2.6) (billed at half time). |
| 12/21/17 | Laura Krucks | 2.60 | Travel from New York, NY to White Plains, NY re confirmation hearing (.5) (billed at half time); travel from White Plains, NY to Chicago, IL re confirmation hearing (2.1) (billed at half time). |
| 12/21/17 | Brett Newman | 2.90 | Travel from New York, NY to White Plains, NY re confirmation hearing (.4) (billed at half time); travel from White Plains, NY to Chicago, IL re same (2.5) (billed at half time). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/21/17 | Andrew Kilpinen | 2.90 | Travel from White Plains, NY to Chicago, IL re confirmation hearing (billed at half time). |
| | | 147.60 | TOTAL HOURS |

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

FEIN 36-1326630

February 1, 2018

UTAC Headquarters Pte. Ltd.
22 Ang Mo Kio Industrial Park 2
Singapore  Singapore  569506

Attention:  John Nelson

**Invoice Number:  5268693**
**Client Matter: 43403-4**

---

**In the matter of    Disclosure Statement, Plan, & Confirm.**

For legal services rendered through December 21, 2017
(see attached Description of Legal Services for detail)                    $ 417,743.50

For expenses incurred through December 21, 2017
(see attached Description of Expenses for detail)                          $ .00

Total legal services rendered and expenses incurred                       $ 417,743.50

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

## Summary of Hours Billed

| **Name** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|
| Shireen Barday | 19.90 | 965.00 | 19,203.50 |
| Roman Bielski | 12.70 | 330.00 | 4,191.00 |
| Michael Y Chan | .50 | 210.00 | 105.00 |
| Amanda Chen | 7.90 | 815.00 | 6,438.50 |
| Damien Coles | .30 | 1,095.00 | 328.50 |
| Thad Davis | 1.10 | 1,125.00 | 1,237.50 |
| Daniel Dusek | 10.00 | 1,425.00 | 14,250.00 |
| Kevin Frank | 39.00 | 905.00 | 35,295.00 |
| Robert Goedert | 14.20 | 1,075.00 | 15,265.00 |
| Samantha Good, P.C. | 2.80 | 1,245.00 | 3,486.00 |
| Liliya Gritsenko | 25.40 | 835.00 | 21,209.00 |
| Erik Hepler | 1.00 | 1,195.00 | 1,195.00 |
| Aditi Iyer | 27.90 | 995.00 | 27,760.50 |
| Nisha Kanchanapoomi | 19.90 | 1,075.00 | 21,392.50 |
| Marc Kieselstein, P.C. | 3.90 | 1,475.00 | 5,752.50 |
| Andrew Kilpinen | 44.50 | 555.00 | 24,697.50 |
| Laura Krucks | 36.20 | 835.00 | 30,227.00 |
| Christine Lehman | .50 | 845.00 | 422.50 |
| Daniel R Lindsey | 7.00 | 995.00 | 6,965.00 |
| Hana Ma | 1.10 | 290.00 | 319.00 |
| Neil McDonald | 1.50 | 1,425.00 | 2,137.50 |
| Patrick J Nash Jr., P.C. | 17.00 | 1,425.00 | 24,225.00 |
| Jamie Netznik | 18.40 | 905.00 | 16,652.00 |
| Brett Newman | 31.20 | 645.00 | 20,124.00 |
| Gregory F Pesce | 52.80 | 995.00 | 52,536.00 |
| Michael Rackham | 11.50 | 875.00 | 10,062.50 |
| Michael B Slade | 13.60 | 1,165.00 | 15,844.00 |
| Matthew Smart | 34.40 | 645.00 | 22,188.00 |
| Evelyn Wang | 27.50 | 400.00 | 11,000.00 |
| David Zobell | 4.40 | 735.00 | 3,234.00 |
| **TOTALS** | **488.10** | | **$ 417,743.50** |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

## Description of Legal Services

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/17/17 | Michael B Slade | 1.60 | Telephone conference with G. Pesce re first day hearing (.2); review and analyze materials re same (1.4). |
| 12/17/17 | Shireen Barday | 4.50 | Review and analyze pleadings for first day hearing (2.8); draft witness outline for same (1.7). |
| 12/17/17 | Patrick J Nash Jr., P.C. | .70 | Review and analyze issues re first day hearing. |
| 12/17/17 | Gregory F Pesce | 14.00 | Review and analyze materials re first day hearing (5.3); telephone conference and correspond with K&E team re same (3.7); review and analyze chapter 11 filing issues (5.0). |
| 12/17/17 | Aditi Iyer | 3.00 | Review and revise security documentation and indenture (2.2); correspond with local counsel, K&E team re same (.8). |
| 12/17/17 | Nisha Kanchanapoomi | 3.00 | Review and revise indenture (1.2); review and analyze closing memorandum checklist re security documents and opinions (1.1); correspond with K&E team re foreign collateral matters (.7). |
| 12/17/17 | Kevin Frank | 1.00 | Correspond with local counsel in guarantor jurisdictions re execution and authorization formalities re indenture. |
| 12/17/17 | Jamie Netznik | 7.80 | Review and revise first day pleadings and other documents, petitions re chapter 11 filing (6.7); correspond with K&E team re same (1.1). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/17/17 | Matthew Smart | 8.00 | Review and revise first day declaration, first day motions, notice (6.1); correspond with K&E team re same (.9); correspond with Prime Clerk re same (.4); review and analyze issues re filing (.6). |
| 12/17/17 | Laura Krucks | 6.40 | Review and revise first day pleadings and other documents, petitions re chapter 11 filing (4.2); correspond with K&E team re same (2.2). |
| 12/17/17 | Brett Newman | 6.60 | Review and revise first day pleadings re filing (4.8); correspond with K&E team re same (.7); review and analyze precedent re releases (1.1). |
| 12/17/17 | Andrew Kilpinen | 9.00 | Review and revise first day pleadings re filing (7.3); correspond with K&E team re same (1.7). |
| 12/18/17 | Michael B Slade | 1.20 | Prepare for first day hearing. |
| 12/18/17 | Robert Goedert | 1.90 | Review and analyze indenture and security issues (1.6); correspond with K&E team re same (.3). |
| 12/18/17 | Shireen Barday | 5.30 | Prepare for first day hearing. |
| 12/18/17 | Liliya Gritsenko | 3.90 | Correspond with A. Iyer, company re intercompany loans (.4); telephone conferences with K&E team re indenture, case status (2.3); review and revise closing checklist (1.2). |
| 12/18/17 | Samantha Good, P.C. | 1.00 | Review and analyze security deliverables issues (.4); telephone conference with G. Pesce re same (.2); telephone conference with A. Iyer re same (.2); telephone conference with N. Kanchanapoomi re same (.2). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/18/17 | Patrick J Nash Jr., P.C. | 2.60 | Review and analyze materials re first day hearing (1.4); correspond with K&E team, Company re same (1.2). |
| 12/18/17 | Gregory F Pesce | 6.20 | Telephone conferences with K&E team, Company and counsels re hearing and confirmation matters (1.1); correspond with client and U.S. Trustee re releases (1.2); review and revise order (1.2); review materials re releases (.6); correspond with creditor re release issue (.9); review and analyze materials re same (1.2). |
| 12/18/17 | Aditi Iyer | 6.00 | Review and analyze issues re security documentation and indenture review (5.1); correspond with K&E team re same (.9). |
| 12/18/17 | Nisha Kanchanapoomi | 3.80 | Telephone conferences with K&E team re security documents and indenture and process for closing (.6); review and revise indenture and security documents (1.1); review and analyze issues re execution and signing matters (.8); review and analyze issue re foreign collateral matters (1.3). |
| 12/18/17 | Kevin Frank | 9.50 | Review and revise indenture re comments of creditor's counsel and collateral team and trustee counsel (4.5); correspond with local counsel re status of indenture, authorizing resolutions, guarantees and execution formalities (2.4); telephone conference with collateral team re status of security documents and related indenture provisions (.8); calculate note and cash distribution entitlements pursuant to plan of reorganization (1.4); telephone conference with Prime Clerk re distribution mechanics (.4). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

| Date | Timekeeper | Hours | Description |
|---|---|---|---|
| 12/18/17 | Roman Bielski | 7.00 | Courtroom technology setup for PowerPoint presentation re first day hearing. |
| 12/18/17 | David Zobell | .70 | Correspond with K&E team re case status (.3); review and analyze executed signature pages (.2); telephone conference with K&E team re work flow (.2). |
| 12/18/17 | Neil McDonald | .50 | Correspond with G. Pesce re case status, release issues. |
| 12/18/17 | Jamie Netznik | 5.60 | Review and revise orders re first day hearing (1.6); prepare for first day hearing (4.0). |
| 12/18/17 | Matthew Smart | 7.40 | Review and revise first day orders (1.8); prepare for first day hearing (5.6). |
| 12/18/17 | Amanda Chen | .90 | Correspond with K&E team re security, closing, signing preparations (.6); telephone conference with R. Ng re same (.3). |
| 12/18/17 | Laura Krucks | 8.00 | Revise orders re first day hearing (1.7); prepare for first day hearing (6.3). |
| 12/18/17 | Daniel R Lindsey | 1.50 | Correspond and telephone conference with K&E team re legal opinion (.4); correspond with K&E team re releases (.2); correspond with same re constitutional documents and signing by counterparts and signing of deeds (.3); review and revise indenture (.4); correspond and telephone conference with K&E team re closing memo (.2). |
| 12/18/17 | Brett Newman | 3.60 | Office conference with K&E team re retention issues (.5);  prepare first day hearing presentation (2.0); review and analyze precedent re same (.9); prepare for first day hearing (.2). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/18/17 | Michael Rackham | 2.40 | Correspond with P. Wong re reorganization steps (.4); review and analyze same (.7); review and revise equity closing checklist (1.3). |
| 12/18/17 | Hana Ma | 1.10 | Review and revise summary of security release documents. |
| 12/18/17 | Daniel Dusek | 2.90 | Review and analyze closing steps memorandum, closing checklist (1.4); correspond with K&E team re director appointment issues (.8); correspond with K&E team re constitution documents (.7). |
| 12/18/17 | Andrew Kilpinen | 5.70 | Prepare for first day hearing. |
| 12/19/17 | Michael B Slade | 2.20 | Review and analyze materials re confirmation hearing (1.2); correspond with K&E team re same (.4); review and revise declaration in support of confirmation (.6). |
| 12/19/17 | Marc Kieselstein, P.C. | 1.50 | Review and analyze potential JPMorgan plan objection (1.1); telephone conference with G. Pesce re same (.4). |
| 12/19/17 | Thad Davis | .20 | Correspond with C. Lehman re tax issues. |
| 12/19/17 | Robert Goedert | 2.80 | Telephone conference with K&E team re securities issues (.4); review and revise indenture (1.8); telephone conference with Dentons re security issues (.6). |
| 12/19/17 | Shireen Barday | 1.30 | Review and analyze materials re confirmation hearing (.6); draft witness outline re same (.4); correspond with K&E team re same (.3). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/19/17 | Liliya Gritsenko | 11.80 | Draft and revise summary of local law formalities (6.1); review and revise checklist (3.8); review and analyze materials re same (.4); correspond with K&E team re same (.7); review and analyze resolutions for Singapore entities (.6); correspond with A. Iyer re same (.2). |
| 12/19/17 | Samantha Good, P.C. | 1.00 | Telephone conference with K&E team re security issues (.4); review and revise indenture re same (.6). |
| 12/19/17 | Patrick J Nash Jr., P.C. | 3.60 | Review and analyze issues re JPMorgan plan objection. |
| 12/19/17 | Gregory F Pesce | 13.70 | Participate in witness preparation session with M. Foreman (2.2); review and revise materials re same (2.1); correspond with K&E team re JP Morgan objection (1.2); review and revise confirmation brief (4.3); research and review issues re same (1.2); telephone conference with Milbank re plan (.6); correspond with Ropes re same (.4); correspond with Dechert re confirmation objection (.6); correspond with U.S. Trustee re case issues (1.1). |
| 12/19/17 | Aditi Iyer | 7.40 | Telephone conferences with local counsels, K&E team re security documentation and local law requirements (1.7); review and revise closing memorandum (3.6); review and revise security documentation re local counsel issues (2.1). |
| 12/19/17 | Nisha Kanchanapoomi | 5.50 | Review and revise indenture, security principles and foreign security documents (3.2); correspond with K&E team re same (.6); correspond with K&E team re closing issues (1.7). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/19/17 | Kevin Frank | 10.10 | Review and revise indenture (2.7); correspond with K&E team re same (.3); telephone conference with creditor's counsel re status of collateral items (.8); telephone conference with R. Goedert re enforceability opinions (.2); research and analyze New York law re same (.4); correspond with K&E team, local counsel re review of indenture and corporate formalities (3.7); draft and revise ATOP notice and DTC distribution notice re note and cash distributions (1.7); telephone conference with Prime Clerk re same (.3). |
| 12/19/17 | David Zobell | 1.20 | Telephone conference with K&E team re closing issues (.4); correspond with K&E team foreign counsel re closing issues (.8). |
| 12/19/17 | Jamie Netznik | 5.00 | Correspond with K&E team re second day hearing and confirmation issues (1.1); review, analyze issues re same (.7); review, revise draft confirmation memorandum re same (3.2). |
| 12/19/17 | Matthew Smart | 2.70 | Review and revise declaration in support of confirmation (2.1); correspond with K&E team re same (.3); review and revise cash management order (.2); correspond with K&E team re same (.1). |
| 12/19/17 | Amanda Chen | 3.60 | Telephone conference with K&E team re closing issues (.4); correspond with K&E team re SMBC release and deliverables (.6); review and revise bond global release (1.4); correspond with K&E team re security documents and releases (.6); telephone conference with various counsel re security issues (.6). |

9

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/19/17 | Laura Krucks | 3.20 | Review and revise plan. |
| 12/19/17 | Daniel R Lindsey | 1.00 | Review and analyze constitutional documents and closing memorandum re signing formalities (.4); telephone conference with K&E team re same (.2); review and analyze issues re releases (.4). |
| 12/19/17 | Brett Newman | 8.10 | Review and revise confirmation declaration (3.1); review and revise confirmation brief (2.9); office conferences and correspond with K&E team re confirmation materials (1.5); correspond with K&E team re retention (.6). |
| 12/19/17 | Michael Rackham | 3.80 | Review and revise closing checklist (2.1); review and analyze draft resolutions and other corporate ancillary documents (1.1); telephone conference with P. Wong re same (.6). |
| 12/19/17 | Evelyn Wang | 7.50 | Correspond with K&E team re closing issues (.8); draft and revise corporate resolutions (6.7). |
| 12/19/17 | Michael Y Chan | .50 | Organize and prepare parties for conflicts searching for creditors, entities re K&E retention. |
| 12/19/17 | Daniel Dusek | 2.50 | Review and revise step plan, closing check list (.9); draft summary re new director requirements (.7); review and revise ancillary and closing documents (.9). |
| 12/19/17 | Andrew Kilpinen | 8.10 | Review and revise Moelis retention and fee application (3.2); review and revise Alvarez & Marsal retention and fee application (2.0); research third party release issue (2.9). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

| Date | Timekeeper | Hours | Description |
|------|------------|-------|-------------|
| 12/20/17 | Michael B Slade | 6.60 | Review and revise declaration in support of confirmation (1.2); review and analyze plan (.8); review and revise confirmation brief (2.2); office conference with G. Pesce re same (.6); review and analyze materials re confirmation hearing (.7); correspond with K&E team re same (1.1). |
| 12/20/17 | Thad Davis | .20 | Correspond with K&E team re tax issues. |
| 12/20/17 | Robert Goedert | 2.50 | Telephone conference with K&E team re emergence and distribution process (.8); review and analyze materials re same (1.7). |
| 12/20/17 | Shireen Barday | 4.80 | Review and analyze materials re confirmation hearing (3.4); telephone conference with M. Slade re same (.6); correspond with K&E team re same (.8). |
| 12/20/17 | Liliya Gritsenko | 5.90 | Telephone conference with K&E team re indenture, status (1.2); review and revise closing checklist (2.6); correspond with K&E team re same (.7); review and analyze resolutions (1.1); correspond with N. Iyer, local counsel re same (.3). |
| 12/20/17 | Samantha Good, P.C. | .80 | Telephone conference with K&E team re security principles and status. |
| 12/20/17 | Patrick J Nash Jr., P.C. | 6.70 | Review and analyze materials re confirmation hearing (4.3); correspond with K&E team, Company, opposing counsel re same (2.4). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

| <u>Date</u> | <u>Timekeeper</u> | <u>Hours</u> | <u>Description</u> |
|---|---|---|---|
| 12/20/17 | Gregory F Pesce | 13.40 | Correspond with Milbank re hearing (.6); correspond with Ropes re confirmation order (.4); correspond with sponsor counsel re next steps (.7); review and revise confirmation order (2.1); participate in witness preparation session with M. Foreman (2.1); telephone conference with U.S. Trustee re plan issues (1.1); review and revise confirmation brief (3.2); review and revise declarations in support of confirmation (3.2). |
| 12/20/17 | Aditi Iyer | 6.20 | Review and revise foreign security documents and ancillaries (3.1); review and revise indenture (2.3); correspond with K&E team, foreign counsel re same (.8). |
| 12/20/17 | Erik Hepler | 1.00 | Review and analyze intercreditor agreement comments (.8); correspond with K&E team re same (.2). |
| 12/20/17 | Nisha Kanchanapoomi | 4.80 | Review and analyze issues re foreign collateral (1.3); review and revise indenture and intercreditor agreement (2.8); telephone conferences with K&E team re same (.7). |
| 12/20/17 | Kevin Frank | 9.90 | Review and revise indenture (3.7); correspond with K&E team, trustee's counsel and noteholders counsel re the same (.8); correspond with noteholder's counsel re status of collateral documents (.7); correspond with local counsel re corporation authorizations, execution formalities and opinion practices (3.2); correspond with equity team and Prime Clerk re certain equity issuance mechanics (1.5). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/20/17 | David Zobell | .50 | Review and analyze revised indenture (.2); telephone conference with K&E team re closing issues (.2); correspond with foreign counsel re same (.1). |
| 12/20/17 | Christine Lehman | .30 | Review and analyze issues re check the box election (.2); correspond with K&E team re same (.1). |
| 12/20/17 | Damien Coles | .30 | Correspond with K&E team, company, local counsel re Thai security. |
| 12/20/17 | Neil McDonald | .50 | Review and analyze filing updates. |
| 12/20/17 | Matthew Smart | 12.10 | Review and revise declaration in support of confirmation (1.7); correspond with K&E team re same, confirmation issues (.7); draft and revise Prime Clerk voting declaration (1.1); correspond with K&E team, Prime Clerk re same (.2); review and revise confirmation brief (5.6); correspond with K&E team re same (.6); review and analyze objections to confirmation (.4); draft and revise summary chart re same (.6); review and analyze materials re same (1.2). |
| 12/20/17 | Laura Krucks | 14.30 | Review and revise plan (3.6); review and analyze U.S. Trustee and JPMorgan objections to confirmation (1.8); draft reply brief re objections (2.1); prepare objection tracker re outstanding issues (1.7); review and revise confirmation order (2.8); telephone conference with U.S. Trustee re outstanding issues for confirmation hearing (.8); prepare and file plan and confirmation order and notices re same (1.5). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/20/17 | Daniel R Lindsey | 1.00 | Correspond with K&E team, local counsel re signing formalities for deeds (.6); correspond with E. Wang re same (.4). |
| 12/20/17 | Brett Newman | 9.60 | Review and revise confirmation brief (3.3); correspond with K&E team re same (1.1); review and revise confirmation declaration (3.9); correspond with K&E team re objection chart and prepare response (1.3). |
| 12/20/17 | Michael Rackham | 3.30 | Telephone conference with P. Wong re closing issues (1.2); prepare for same (.4); telephone conference with S. Sha re same (1.1); prepare for same (.6). |
| 12/20/17 | Evelyn Wang | 10.00 | Review and analyze closing memorandum (2.4); review and analyze articles (1.1); draft and revise legal opinion (3.7); correspond and telephone conference with D. Dusek re same (.6); draft and revise board resolutions and shareholder resolutions (2.2). |
| 12/20/17 | Daniel Dusek | 2.00 | Correspond with K&E team re various closing matters, director appointments, ancillary docs, closing steps. |
| 12/20/17 | Andrew Kilpinen | 20.40 | Review, draft, and revise brief in support of confirmation (13.6); correspond with K&E team re same (1.3); review and research issues re JP Morgan objection to confirmation (3.9); correspond with K&E team re same (1.6). |
| 12/21/17 | Michael B Slade | 2.00 | Prepare for confirmation hearing. |
| 12/21/17 | Marc Kieselstein, P.C. | 2.40 | Review and analyze issues re JP Morgan objection and response. |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/21/17 | Thad Davis | .70 | Correspond with K&E team re tax issues. |
| 12/21/17 | Robert Goedert | 7.00 | Prepare materials for emergence (4.2); telephone conferences with K&E team, Company, Prime Clerk, counsel re emergence mechanics (2.8). |
| 12/21/17 | Shireen Barday | 4.00 | Prepare for confirmation hearing. |
| 12/21/17 | Liliya Gritsenko | 3.80 | Review and revise closing checklist (3.1); correspond with K&E team re same (.4); review and analyze correspondence re same (.3). |
| 12/21/17 | Patrick J Nash Jr., P.C. | 3.40 | Prepare for confirmation hearing. |
| 12/21/17 | Gregory F Pesce | 5.50 | Prepare materials for confirmation hearing (3.4); correspond with various parties re same (2.1). |
| 12/21/17 | Aditi Iyer | 5.30 | Review and revise foreign security documents (1.3); telephone conference with Milbank re same (.7); review and analyze revised intercreditor agreement (1.4); review and analyze revised indenture (1.1); telephone conference with N. Kanchanapoomi re same (.4); correspond with K&E team re signature pages (.4). |
| 12/21/17 | Nisha Kanchanapoomi | 2.80 | Review and revise indenture (1.1); review and analyze issues re foreign collateral matters (.8); telephone conferences with K&E team, local counsel re same (.9). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

| **Date** | **Timekeeper** | **Hours** | **Description** |
|---|---|---|---|
| 12/21/17 | Kevin Frank | 8.50 | Review and revise indenture re trustee and creditor comments (2.6); correspond with local counsel authorizations, resolutions and opinions (4.6); apply for CUSIP (.6); telephone conference with Prime Clerk, K&E team re issuance of notes (.7). |
| 12/21/17 | Roman Bielski | 5.70 | Prepare courtroom technology for PowerPoint presentation re confirmation hearing. |
| 12/21/17 | David Zobell | 2.00 | Draft and revise notes (.7); correspond with foreign counsel re same (.3); complete Form ID (.4); review and revise guarantor tracker (.2); telephone conference with K&E team re closing issues (.2); review and analyze correspondence re same (.2). |
| 12/21/17 | Christine Lehman | .20 | Correspond with K&E team re tax treatment. |
| 12/21/17 | Neil McDonald | .50 | Correspond with K&E team re confirmation objections. |
| 12/21/17 | Matthew Smart | 4.20 | Review and revise confirmation brief (1.6); correspond with K&E team re same (.3); prepare for confirmation hearing (2.3). |
| 12/21/17 | Amanda Chen | 3.40 | Correspond with K&E team, local counsel, Company re security and local jurisdiction restrictions to security, closing, guarantees. |
| 12/21/17 | Laura Krucks | 4.30 | Prepare for confirmation hearing (2.1); review and revise plan and confirmation order re hearing (2.2). |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
4 - Disclosure Statement, Plan, & Confirm.

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/21/17 | Daniel R Lindsey | 3.50 | Review and revise resolutions and opinion (1.3); correspond with E. Wang re same (.7); review and analyze indenture (1.1); review and analyze Hong Kong security documents (.4). |
| 12/21/17 | Brett Newman | 3.30 | Review and revise confirmation brief (2.1); prepare for confirmation hearing (1.2). |
| 12/21/17 | Michael Rackham | 2.00 | Correspond with K&E team, Cleary re closing issues. |
| 12/21/17 | Evelyn Wang | 10.00 | Draft and revise legal opinion (6.1); review and revise Company resolutions (1.7); prepare, revise certificates (1.1); review and analyze signature pages (1.1). |
| 12/21/17 | Daniel Dusek | 2.60 | Review and revise closing checklist (.6); review and analyze issues re closing mechanics (.4); telephone conference with K&E team re same (.4); review and revise transactions documents (.6); correspond with various counsels re closing steps (.6). |
| 12/21/17 | Andrew Kilpinen | 1.30 | Review and analyze materials re confirmation hearing (1.1); prepare for confirmation hearing (.2). |
| | | 488.10 | TOTAL HOURS |

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

FEIN 36-1326630

February 1, 2018

UTAC Headquarters Pte. Ltd.
22 Ang Mo Kio Industrial Park 2
Singapore  Singapore  569506

Attention:  John Nelson

**Invoice Number:  5268694**
**Client Matter: 43403-5**

_____

**In the matter of    Hearings**

For legal services rendered through December 21, 2017
(see attached Description of Legal Services for detail)                          $ 41,684.50

For expenses incurred through December 21, 2017
(see attached Description of Expenses for detail)                          $ 1,507.28

Total legal services rendered and expenses incurred                          $ 43,191.78

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
5 - Hearings

### Summary of Hours Billed

| Name | Hours | Rate | Amount |
|------|------:|-----:|-------:|
| Shireen Barday | 5.40 | 965.00 | 5,211.00 |
| Julia Foster | 5.40 | 240.00 | 1,296.00 |
| Andrew Kilpinen | 4.70 | 555.00 | 2,608.50 |
| Laura Krucks | 4.80 | 835.00 | 4,008.00 |
| Patrick J Nash Jr., P.C. | 4.10 | 1,425.00 | 5,842.50 |
| Jamie Netznik | 2.80 | 905.00 | 2,534.00 |
| Brett Newman | 5.40 | 645.00 | 3,483.00 |
| Carrie Oppenheim | 5.40 | 380.00 | 2,052.00 |
| Gregory F Pesce | 4.90 | 995.00 | 4,875.50 |
| Michael B Slade | 5.40 | 1,165.00 | 6,291.00 |
| Matthew Smart | 5.40 | 645.00 | 3,483.00 |
| **TOTALS** | **53.70** | | **$ 41,684.50** |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
5 - Hearings

### Description of Legal Services

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/18/17 | Michael B Slade | 2.60 | Attend first day hearing. |
| 12/18/17 | Shireen Barday | 2.60 | Attend first day hearing. |
| 12/18/17 | Carrie Oppenheim | 2.60 | Attend and assist at first day hearing. |
| 12/18/17 | Patrick J Nash Jr., P.C. | 1.70 | Attend first day hearing. |
| 12/18/17 | Gregory F Pesce | 2.10 | Attend first day hearing. |
| 12/18/17 | Julia Foster | 2.60 | Attend and assist at first day hearing. |
| 12/18/17 | Jamie Netznik | 2.80 | Attend first day hearing. |
| 12/18/17 | Matthew Smart | 2.60 | Attend first day hearing. |
| 12/18/17 | Laura Krucks | 2.00 | Attend first day hearing. |
| 12/18/17 | Brett Newman | 2.60 | Attend first day hearing. |
| 12/18/17 | Andrew Kilpinen | 1.90 | Attend first day hearing. |
| 12/21/17 | Michael B Slade | 2.80 | Attend confirmation hearing. |
| 12/21/17 | Shireen Barday | 2.80 | Attend confirmation hearing. |
| 12/21/17 | Carrie Oppenheim | 2.80 | Attend and assist at confirmation hearing. |
| 12/21/17 | Patrick J Nash Jr., P.C. | 2.40 | Attend confirmation hearing. |
| 12/21/17 | Gregory F Pesce | 2.80 | Attend and assist at confirmation hearing. |
| 12/21/17 | Julia Foster | 2.80 | Attend and assist with confirmation hearing. |
| 12/21/17 | Matthew Smart | 2.80 | Attend confirmation hearing. |
| 12/21/17 | Laura Krucks | 2.80 | Attend confirmation hearing. |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
5 - Hearings

| Date | Timekeeper | Hours | Description |
|------|-----------|-------|-------------|
| 12/21/17 | Brett Newman | 2.80 | Attend confirmation hearing. |
| 12/21/17 | Andrew Kilpinen | 2.80 | Attend confirmation hearing. |
| | | 53.70 | TOTAL HOURS |

## Exhibit J

**Detailed Description of Expenses and Disbursements**

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

## Description of Expenses

| Date | Description | Amount |
|---|---|---|
| 12/17/17 | E-WEST UNIFIED COMMUNICATIONS SERVICES INC - 15272 COLLECTIONS CENTER DRIVE (TP), Teleconference, December teleconferences | 3.27 |
| 12/17/17 | Julia Foster, Taxi, Restructuring | 9.49 |
| 12/17/17 | Brett Newman, Lodging, New York 12/17/2017 to 12/21/2017, Global A&T Hearings in New York | 317.04 |
| 12/17/17 | Laura Krucks, Lodging, New York, NY 12/17/2017 to 12/21/2017, Filing, meeting with client. | 350.00 |
| 12/17/17 | Andrew Kilpinen, Lodging, New York, NY 12/17/2017 to 12/21/2017, Filing, meeting with client. | 350.00 |
| 12/17/17 | Carrie Oppenheim, Airfare, Newark-Houston-Chicago 12/17/2017 to 12/21/2017, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | -56.00 |
| 12/17/17 | Brett Newman, Airfare, Chicago 12/21/2017 to 12/21/2017, Global A&T Hearings in New York | 637.20 |
| 12/17/17 | Jamie Netznik, Airfare, Chicago - Westchester, NY 12/17/2017 to 12/17/2017, Prepare for and attend First Day Hearing (new outbound flight) | 311.00 |
| 12/17/17 | Brett Newman, Airfare, New York 12/17/2017 to 12/17/2017, Global A&T Hearings in New York | 386.20 |
| 12/17/17 | Brett Newman, Agency Fee, Global A&T Hearings in New York | 58.00 |
| 12/17/17 | Matthew Smart, Airfare, Denver, CO 12/17/2017 to 12/17/2017, Hearing Prep and Hearing | 386.20 |
| 12/17/17 | Matthew Smart, Agency Fee, Hearing Prep and Hearing | 58.00 |
| 12/17/17 | Carrie Oppenheim, Airfare, Newark-Houston-Chicago 12/17/2017 to 12/21/2017, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 513.25 |
| 12/17/17 | Carrie Oppenheim, Agency Fee, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 58.00 |
| 12/17/17 | Michael Slade, Airfare, New York; Houston 12/18/2017 to 12/21/2018, For final day hearing, meetings and confirmation hearing | 558.68 |
| 12/17/17 | Gregory Pesce, Agency Fee, Attend hearings. | 21.00 |
| 12/17/17 | Gregory Pesce, Airfare, New York, NY 12/17/2017 to 12/21/2017, Attend hearings. | 831.84 |
| 12/17/17 | Julia Foster, Airfare, Newark, NJ 12/17/2017 to 12/21/2017, Restructuring | 442.20 |
| 12/17/17 | Julia Foster, Agency Fee, Restructuring | 58.00 |
| 12/17/17 | Laura Krucks, Airfare, New York, NY 12/17/2017 to 12/21/2017, Filing, meeting with client. | 831.84 |
| 12/17/17 | Laura Krucks, Agency Fee, Filing, meeting with client. | 58.00 |
| 12/17/17 | Carrie Oppenheim, Transportation To/From Airport, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 68.27 |
| 12/17/17 | E-ALL ABOUT CHARTER INC - 2225 W HUBBARD STREET (NT), Transportation to/from Airport, 12/17/2017 KRUCKS LAURA LGA UA2422 to LE PARKER MERIDIEN NEW YORK  NEW YORK | 186.02 |

10

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

| **Date** | **Description** | **Amount** |
|---|---|---|
| 12/17/17 | Matthew Smart, Travel Meals, Des Plaines, IL Hearing Prep and Hearing | 12.64 |
| 12/17/17 | Matthew Smart, Travel Meals, Des Plaines, IL Hearing Prep and Hearing | 20.20 |
| 12/17/17 | Carrie Oppenheim, Travel Meals, Chicago, IL (O'Hare) Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 19.89 |
| 12/17/17 | Jamie Netznik, Travel Meals, Chicago, L (O'Hare) Prepare for and attend First Day Hearing | 38.48 |
| 12/17/17 | Jamie Netznik, Travel Meals, Chicago, IL (O'Hare) Prepare for and attend First Day Hearing | 14.97 |
| 12/17/17 | Gregory Pesce, Travel Meals, Chicago, IL Attend hearings. | 12.50 |
| 12/17/17 | Laura Krucks, Travel Meals, New York, NY Filing, meeting with client. | 60.42 |
| 12/17/17 | Andrew Kilpinen, Travel Meals, New York, NY Filing, meeting with client. | 69.45 |
| 12/17/17 | Julia Foster, Travel Meals, Chicago, IL Restructuring | 15.49 |
| 12/17/17 | Matthew Smart, Filing Fees, Court filing fee for GATE | 12,019.00 |
| 12/17/17 | Carrie Oppenheim, Filing Fees, Chapter 11 filing fees | 8,585.00 |
| 12/17/17 | Carrie Oppenheim, Filing Fees, Chapter 11 filing fees | 1,717.00 |
| 12/17/17 | Carrie Oppenheim, Taxi, Sunday OT Transportation | 19.09 |
| 12/18/17 | Michael Slade, Internet, For first day hearing, meetings and confirmation hearing | 15.99 |
| 12/18/17 | Carrie Oppenheim, Internet, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing - in-flight wifi | 29.95 |
| 12/18/17 | Matthew Smart, Internet, Continental breakfast for meeting room for filing/hearing prep | 411.62 |
| 12/18/17 | E-WEST UNIFIED COMMUNICATIONS SERVICES INC - 15272 COLLECTIONS CENTER DRIVE (TP), Teleconference, December Conference Calls on 12/18, 12/20, 12/22, 12/26 and 12/27/17 | 13.35 |
| 12/18/17 | Standard Prints | 133.60 |
| 12/18/17 | Standard Prints | 5.00 |
| 12/18/17 | Standard Prints | 77.50 |
| 12/18/17 | Standard Prints | .60 |
| 12/18/17 | Standard Prints | .30 |
| 12/18/17 | Color Prints | 11.55 |
| 12/18/17 | Color Prints | 1.10 |
| 12/18/17 | Color Prints | 48.40 |
| 12/18/17 | Color Prints | 22.00 |
| 12/18/17 | Color Prints | 44.00 |
| 12/18/17 | Color Prints | 48.40 |
| 12/18/17 | Color Prints | 90.20 |
| 12/18/17 | Color Prints | 52.80 |
| 12/18/17 | Color Prints | 8.80 |
| 12/18/17 | Color Prints | 6.60 |
| 12/18/17 | Color Prints | 21.45 |
| 12/18/17 | Color Prints | 77.00 |
| 12/18/17 | Production Blowbacks | 243.80 |
| 12/18/17 | Shireen Barday, Taxi, Appear at First Day Hearing. | 9.21 |
| 12/18/17 | Carrie Oppenheim, Taxi, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 164.60 |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

| Date | Description | Amount |
|---|---|---|
| 12/18/17 | Carrie Oppenheim, Taxi, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 89.46 |
| 12/18/17 | Julia Foster, Taxi, Restructuring | 15.38 |
| 12/18/17 | Patrick Nash, Lodging, New York, NY 12/18/2017 to 12/21/2017, Hearing  / Park Hyatt NY | 350.00 |
| 12/18/17 | Carrie Oppenheim, Lodging, New York, NY 12/17/2017 to 12/18/2017, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 254.81 |
| 12/18/17 | Brett Newman, Lodging, New York 12/17/2017 to 12/21/2017, Global A&T Hearings in New York | 317.04 |
| 12/18/17 | Jamie Netznik, Lodging, Westchester, NY 12/17/2017 to 12/18/2017, Prepare for and attend First Day Hearing | 317.37 |
| 12/18/17 | Laura Krucks, Lodging, New York, NY 12/17/2017 to 12/21/2017, Filing, meeting with client. | 350.00 |
| 12/18/17 | Andrew Kilpinen, Lodging, New York, NY 12/17/2017 to 12/21/2017, Filing, meeting with client. | 350.00 |
| 12/18/17 | Carrie Oppenheim, Airfare, New York, NY 12/18/2017 to 12/21/2017, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | -609.47 |
| 12/18/17 | Shireen Barday, Rail, White Plains, NY 12/18/2017 to 12/18/2017, Appear at First Day Hearing. | 9.25 |
| 12/18/17 | Shireen Barday, Rail, New York, NY 12/18/2017 to 12/18/2017, Appear at First Day Hearing. | 9.25 |
| 12/18/17 | Patrick Nash, Airfare, New York, NY to Chicago, IL 12/21/2017 to 12/21/2017, Hearing  /  United 3816-5796  Tkt #0167-008995098  (Add Collect) | 144.32 |
| 12/18/17 | Jamie Netznik, Airfare, Westchester NY - Chicago 12/18/2017 to 12/18/2017, Prepare for and attend First Day Hearing | 160.74 |
| 12/18/17 | Jamie Netznik, Agency Fee, Prepare for and attend First Day Hearing (fee for new airline/new return flight) | 58.00 |
| 12/18/17 | Carrie Oppenheim, Airfare, Houston, TX 12/18/2017 to 12/21/2017, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 1,028.71 |
| 12/18/17 | Carrie Oppenheim, Agency Fee, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 58.00 |
| 12/18/17 | Laura Krucks, Airfare, Chicago, IL 12/17/2017 to 12/21/2017, Filing, meeting with client. | 56.65 |
| 12/18/17 | Andrew Kilpinen, Airfare, New York, NY 12/17/2017 to 12/21/2017, Filing, meeting with client. | 56.65 |
| 12/18/17 | Patrick Nash, Transportation To/From Airport, First Day Hearing  /  To Airport | 102.00 |
| 12/18/17 | Michael Slade, Transportation To/From Airport, For first day hearing, meetings and confirmation hearing | 40.74 |
| 12/18/17 | Michael Slade, Transportation To/From Airport, For first day hearing, meetings and confirmation hearing | 143.75 |
| 12/18/17 | Jamie Netznik, Transportation To/From Airport, Prepare for and attend First Day Hearing | 14.54 |
| 12/18/17 | E-CROWN CARS & LIMOUSINES - 2440 S WOLF ROAD (NT) Transportation to/from Airport, KILPINEN/ANDREW JAMES 12/17/2017 300 N LASALLE CHICAGO IL 60654 to Chicago O'hare International Airport | 109.20 |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

| Date | Description | Amount |
|---|---|---|
| 12/18/17 | E-CROWN CARS & LIMOUSINES - 2440 S WOLF ROAD (NT) Transportation to/from Airport, PESCE/GREGORY FRANCIS 12/18/2017 1952 W RACE AVE CHICAGO IL 60622 to Chicago Midway International Airport | 80.75 |
| 12/18/17 | Matthew Smart, Travel Meals, White Plains, NY Hearing Prep and Hearing Jamie Netznik, Laura Krucks, Andrew Kilpinen, Brett Newman | 144.63 |
| 12/18/17 | Michael Slade, Travel Meals, New York, NY For first day hearing, meetings and confirmation hearing Gregory Pesce, Julia Foster, Laura Krucks Matthew Smart, Carrie Oppenheim, Brett Newman, Andrew Kilpinen | 559.43 |
| 12/18/17 | Michael Slade, Travel Meals, Chicago For first day hearing, meetings and confirmation hearing | 5.34 |
| 12/18/17 | Michael Slade, Travel Meals, New York, NY For first day hearing, meetings and confirmation hearing | 27.22 |
| 12/18/17 | Jamie Netznik, Travel Meals, Westchester, NY Prepare for and attend First Day Hearing | 30.10 |
| 12/18/17 | Gregory Pesce, Travel Meals, New York, NY Attend hearings. | 90.00 |
| 12/18/17 | Gregory Pesce, Travel Meals, New York, NY Attend hearings | 40.00 |
| 12/18/17 | Laura Krucks, Travel Meals, New York, NY Filing, meeting with client. | 40.00 |
| 12/18/17 | Julia Foster, Travel Meals, New York, NY Restructuring | 8.27 |
| 12/18/17 | Laura Krucks, Travel Meals, New York, NY Filing, meeting with client. | 57.90 |
| 12/18/17 | Andrew Kilpinen, Travel Meals, New York, NY Filing, meeting with client. | 8.71 |
| 12/18/17 | Matthew Smart, Meeting Room, Meeting room rental (Boardroom) for filing/hearing prep | 750.00 |
| 12/18/17 | Laura Krucks, Hotel - Valet/Laundry, Filing, meeting with client. | 78.00 |
| 12/18/17 | Carrie Oppenheim, Filing Fees, Pro Hac Vice fees for Pat Nash, Mike Slade and Greg Pesce | 600.00 |
| 12/18/17 | Matthew Smart, Copies, Copies for filing/hearing prep | 2,772.50 |
| 12/18/17 | Outside Retrieval Service, HKSAR Full Litigation Search and HKSAR Official Receivers' Office Search | 276.48 |
| 12/18/17 | LEXISNEXIS, LexisNexis Research, KILPINEN, ANDREW 12/18/2017 | 97.20 |
| 12/18/17 | Kevin Frank, Overtime Meals - Attorney, OT Meal at Chicago Cut Steakhouse | 20.00 |
| 12/19/17 | Michael Slade, Internet, For first day hearing, meetings and confirmation hearing | 31.98 |
| 12/19/17 | Amanda Chen, Cell Phone Calls, CSL Mobile Limited 12/19/2017 to 12/29/2017, IDD Calls | 144.69 |
| 12/19/17 | Standard Copies or Prints | 6.70 |
| 12/19/17 | Standard Prints | 10.80 |
| 12/19/17 | Standard Prints | 3.90 |
| 12/19/17 | Standard Prints | 9.80 |
| 12/19/17 | Standard Prints | 2.00 |
| 12/19/17 | Standard Prints | .90 |
| 12/19/17 | Standard Prints | 2.20 |
| 12/19/17 | Standard Prints | .30 |
| 12/19/17 | Standard Prints | .10 |
| 12/19/17 | Standard Prints | 6.80 |
| 12/19/17 | Standard Prints | .30 |
| 12/19/17 | Standard Prints | .40 |
| 12/19/17 | Standard Prints | .20 |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

| **Date** | **Description** | **Amount** |
|---|---|---|
| 12/19/17 | Standard Prints | 4.10 |
| 12/19/17 | Color Prints | 2.20 |
| 12/19/17 | Color Prints | 17.60 |
| 12/19/17 | Color Prints | 8.25 |
| 12/19/17 | Color Prints | 7.15 |
| 12/19/17 | Color Prints | 9.90 |
| 12/19/17 | Color Prints | 1.10 |
| 12/19/17 | Color Prints | .55 |
| 12/19/17 | Color Prints | .55 |
| 12/19/17 | Color Prints | 22.00 |
| 12/19/17 | Color Prints | 1.65 |
| 12/19/17 | Color Prints | 1.10 |
| 12/19/17 | Color Prints | 1.10 |
| 12/19/17 | Color Prints | 75.35 |
| 12/19/17 | Color Prints | 2.75 |
| 12/19/17 | Color Prints | 1.65 |
| 12/19/17 | Color Prints | 1.65 |
| 12/19/17 | Color Prints | 1.65 |
| 12/19/17 | Color Prints | 90.75 |
| 12/19/17 | Color Prints | 5.50 |
| 12/19/17 | Color Prints | 1.65 |
| 12/19/17 | Scanned Images | .30 |
| 12/19/17 | Patrick Nash, Lodging, New York, NY 12/18/2017 to 12/21/2017, Hearing / Park Hyatt NY | 350.00 |
| 12/19/17 | Brett Newman, Lodging, New York 12/17/2017 to 12/21/2017, Global A&T Hearings in New York | 317.04 |
| 12/19/17 | Michael Slade, Lodging, New York, NY 12/19/2017 to 12/19/2017, For first day hearing, meetings and confirmation hearing | 350.00 |
| 12/19/17 | Michael Slade, Lodging, New York, NY 12/18/2017 to 12/19/2017, For first day hearing, meetings and confirmation hearing | 350.00 |
| 12/19/17 | Laura Krucks, Lodging, New York, NY 12/17/2017 to 12/21/2017, Filing, meeting with client. | 350.00 |
| 12/19/17 | Andrew Kilpinen, Lodging, New York, NY 12/17/2017 to 12/21/2017, Filing, meeting with client. | 350.00 |
| 12/19/17 | Michael Slade, Airfare, New York; Houston 12/18/2017 to 12/21/2018, For final day hearing, meetings and confirmation hearing | -126.88 |
| 12/19/17 | Michael Slade, Airfare, New York; Houston 12/18/2017 to 12/21/2017, For final day hearing, meetings and confirmation hearing | -620.84 |
| 12/19/17 | Laura Krucks, Airfare, Chicago, IL 12/17/2017 to 12/21/2017, Filing, meeting with client. | -52.26 |
| 12/19/17 | Matthew Smart, Travel Meals, New York, NY Hearing Prep and Hearing | 16.35 |
| 12/19/17 | Matthew Smart, Travel Meals, New York, NY Hearing Prep and Hearing | 20.00 |
| 12/19/17 | Matthew Smart, Travel Meals, New York, NY Hearing Prep and Hearing Carrie Oppenheim | 71.78 |
| 12/19/17 | Carrie Oppenheim, Travel Meals, New York, NY Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 9.75 |

14

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

| Date | Description | Amount |
|------|-------------|--------|
| 12/19/17 | Carrie Oppenheim, Travel Meals, New York, NY Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 10.83 |
| 12/19/17 | Julia Foster, Travel Meals, New York, NY Restructuring | 9.74 |
| 12/19/17 | Laura Krucks, Travel Meals, New York, NY Meeting with client. | 8.19 |
| 12/19/17 | Michael Slade, Travel Meals, New York For first day hearing, meetings and confirmation hearing | 15.25 |
| 12/19/17 | Michael Slade, Travel Meals, New York For first day hearing, meetings and confirmation hearing | 5.61 |
| 12/19/17 | Michael Slade, Travel Meals, New York, NY For first day hearing, meetings and confirmation hearing | 27.22 |
| 12/19/17 | Michael Slade, Travel Meals, New York, NY For first day hearing, meetings and confirmation hearing | 56.67 |
| 12/19/17 | Gregory Pesce, Travel Meals, New York, NY Attend hearings | 40.00 |
| 12/19/17 | Andrew Kilpinen, Travel Meals, New York, NY Filing, meeting with client. | 100.00 |
| 12/19/17 | Julia Foster, Travel Meals, New York, NY Restructuring | 100.00 |
| 12/19/17 | Julia Foster, Travel Meals, New York, NY Restructuring | 8.27 |
| 12/19/17 | Evelyn Wang, Overtime Meals - Attorney, OT meal | 20.00 |
| 12/19/17 | E-SEAMLESS NORTH AMERICA LLC - PO BOX 12470 (NT), Overtime Meal - Attorney, Frank Kevin 12/19/2017 OT Meal | 20.00 |
| 12/19/17 | E-AQUIPT INC - PO BOX 37849 (TP), Rental Expenses RENTAL EXPENSES | 1,026.90 |
| 12/20/17 | Standard Prints | 14.60 |
| 12/20/17 | Standard Prints | 14.00 |
| 12/20/17 | Standard Prints | 51.40 |
| 12/20/17 | Standard Prints | 41.10 |
| 12/20/17 | Standard Prints | 371.90 |
| 12/20/17 | Standard Prints | 1.00 |
| 12/20/17 | Standard Prints | 9.80 |
| 12/20/17 | Standard Prints | .10 |
| 12/20/17 | Standard Prints | .40 |
| 12/20/17 | Standard Prints | 12.70 |
| 12/20/17 | Color Prints | .55 |
| 12/20/17 | Color Prints | 26.40 |
| 12/20/17 | Color Prints | 4.95 |
| 12/20/17 | Color Prints | 2.20 |
| 12/20/17 | Color Prints | 4.95 |
| 12/20/17 | Color Prints | 66.00 |
| 12/20/17 | Color Prints | 25.30 |
| 12/20/17 | Color Prints | 26.40 |
| 12/20/17 | Color Prints | 2.20 |
| 12/20/17 | Color Prints | 6.60 |
| 12/20/17 | Color Prints | .55 |
| 12/20/17 | Color Prints | 1.65 |
| 12/20/17 | Color Prints | 57.75 |
| 12/20/17 | Color Prints | 25.30 |
| 12/20/17 | Color Prints | 7.70 |
| 12/20/17 | Color Prints | 1.10 |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

| Date | Description | Amount |
|---|---|---|
| 12/20/17 | Color Prints | 5.50 |
| 12/20/17 | Color Prints | 7.70 |
| 12/20/17 | Color Prints | 26.40 |
| 12/20/17 | Color Prints | 4.95 |
| 12/20/17 | Scanned Images | .10 |
| 12/20/17 | Scanned Images | .40 |
| 12/20/17 | Scanned Images | .20 |
| 12/20/17 | Carrie Oppenheim, Taxi, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 8.75 |
| 12/20/17 | Patrick Nash, Lodging, New York, NY 12/18/2017 to 12/21/2017, Hearing  /  Park Hyatt NY | 350.00 |
| 12/20/17 | Brett Newman, Lodging, New York 12/17/2017 to 12/21/2017, Global A&T Hearings in New York | 317.04 |
| 12/20/17 | Michael Slade, Lodging, New York, NY 12/19/2017 to 12/21/2017, For first day hearing, meetings and confirmation hearing | 350.00 |
| 12/20/17 | Laura Krucks, Lodging, New York, NY 12/17/2017 to 12/21/2017, Filing, meeting with client. | 350.00 |
| 12/20/17 | Andrew Kilpinen, Lodging, New York, NY 12/17/2017 to 12/21/2017, Filing, meeting with client. | 350.00 |
| 12/20/17 | Patrick Nash, Transportation To/From Airport, First Day Hearing  /  From the Airport | 102.00 |
| 12/20/17 | Matthew Smart, Travel Meals, New York, NY Hearing Prep and Hearing | 17.88 |
| 12/20/17 | Carrie Oppenheim, Travel Meals, New York, NY Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 21.61 |
| 12/20/17 | Carrie Oppenheim, Travel Meals, New York, NY Paralegal support re chapter 11 filing; first day hearing; confirmation hearing Brett Newman, Julia Foster, Matthew Smart, Laura Krucks, Andrew Kilpinen | 230.60 |
| 12/20/17 | Michael Slade, Travel Meals, New York For first day hearing, meetings and confirmation hearing | 5.61 |
| 12/20/17 | Laura Krucks, Travel Meals, New York, NY Meeting with client. | 14.37 |
| 12/20/17 | Gregory Pesce, Travel Meals, New York, NY Attend hearings | 40.00 |
| 12/20/17 | Andrew Kilpinen, Travel Meals, New York, NY Filing, meeting with client. | 34.84 |
| 12/20/17 | Julia Foster, Travel Meals, New York, NY Restructuring | 7.78 |
| 12/20/17 | E-SEAMLESS NORTH AMERICA LLC - PO BOX 12470 (NT), Overtime Meal - Non Attorney, Oppenheim Carrie 12/20/2017 OT Meal | 20.00 |
| 12/20/17 | E-SEAMLESS NORTH AMERICA LLC - PO BOX 12470 (NT), Overtime Meal - Non Attorney, Foster Julia 12/20/2017 OT Meal | 20.00 |
| 12/20/17 | Evelyn Wang, Overtime Meals - Attorney, OT meal | 20.00 |
| 12/20/17 | E-SEAMLESS NORTH AMERICA LLC - PO BOX 12470 (NT), Overtime Meal - Attorney, Smart Matthew 12/20/2017 OT Meal | 20.00 |
| 12/20/17 | E-SEAMLESS NORTH AMERICA LLC - PO BOX 12470 (NT), Overtime Meal - Attorney, Krucks Laura 12/20/2017 OT Meal | 20.00 |
| 12/20/17 | E-SEAMLESS NORTH AMERICA LLC - PO BOX 12470 (NT), Overtime Meal - Attorney, Newman Brett 12/20/2017 OT Meal | 20.00 |
| 12/20/17 | E-SEAMLESS NORTH AMERICA LLC - PO BOX 12470 (NT), Overtime Meal - Attorney, Kilpinen Andrew 12/20/2017 OT Meal | 20.00 |

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

| <u>Date</u> | <u>Description</u> | <u>Amount</u> |
|---|---|---|
| 12/21/17 | Matthew Smart, Internet, Continental breakfast for meeting room for filing/hearing prep | 411.62 |
| 12/21/17 | Carrie Oppenheim, Taxi, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 154.61 |
| 12/21/17 | Carrie Oppenheim, Taxi, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 10.38 |
| 12/21/17 | Brett Newman, Taxi, Global A&T Hearings in New York | 84.04 |
| 12/21/17 | Michael Slade, Taxi, For first day hearing, meetings and confirmation hearing | 133.83 |
| 12/21/17 | E-GROUP AMERICAR TRANSPORTATION LLC - 718 3RD AVENUE 2ND FLOOR (NT), Local Transportation, Smart Matthew M  119 W 56 St to NY White Plains 3 Renaissance Sq - 12/21/2017 | 102.58 |
| 12/21/17 | Matthew Smart, Lodging, New York, NY 12/17/2017 to 12/21/2017, Hearing Prep and Hearing | 1,268.16 |
| 12/21/17 | Carrie Oppenheim, Lodging, New York, NY 12/18/2017 to 12/21/2017, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 1,050.00 |
| 12/21/17 | Gregory Pesce, Lodging, New York, NY 12/17/2017 to 12/21/2017, Attend hearings | 1,400.00 |
| 12/21/17 | Julia Foster, Lodging, New York, NY 12/17/2017 to 12/21/2017, Restructuring | 254.81 |
| 12/21/17 | Julia Foster, Lodging, New York, NY 12/17/2017 to 12/21/2017, Restructuring | 350.00 |
| 12/21/17 | Julia Foster, Lodging, New York, NY 12/17/2017 to 12/21/2017, Restructuring | 346.61 |
| 12/21/17 | Julia Foster, Lodging, New York, NY 12/17/2017 to 12/21/2017, Restructuring | 266.27 |
| 12/21/17 | Matthew Smart, Baggage Fee, Hearing Prep and Hearing | 25.00 |
| 12/21/17 | Carrie Oppenheim, Airfare, New York, NY 12/17/2017 to 12/21/2017, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 315.16 |
| 12/21/17 | Patrick Nash, Airfare, New York, NY to Chicago, IL 12/21/2017 to 12/21/2017, Hearing  /  United 3816-5551  Tkt #0167-008995787  (Add Collect) | 369.16 |
| 12/21/17 | Matthew Smart, Airfare, New York, NY 12/21/2017 to 12/21/2017, Hearing Prep and Hearing | 678.60 |
| 12/21/17 | Michael Slade, Airfare, New York; Houston 12/18/2017 to 12/21/2017, For final day hearing, meetings and confirmation hearing | 58.42 |
| 12/21/17 | Shireen Barday, Rail, White Plains, NY 12/21/2017, Participate in confirmation hearing. | 12.25 |
| 12/21/17 | Shireen Barday, Rail, New York, NY 12/21/2017, Participate in confirmation hearing. | 9.25 |
| 12/21/17 | Gregory Pesce, Airfare, Chicago, IL 12/21/2017 to 12/21/2017, Attend hearings. | 49.28 |
| 12/21/17 | Laura Krucks, Agency Fee, Filing, meeting with client. | 58.00 |
| 12/21/17 | Laura Krucks, Airfare, Chicago, IL 12/17/2017 to 12/21/2017, Filing, meeting with client. | -494.68 |
| 12/21/17 | Andrew Kilpinen, Airfare, Chicago, IL 12/17/2017 to 12/21/2017, Filing, meeting with client. | 697.20 |
| 12/21/17 | Andrew Kilpinen, Agency Fee, Filing, meeting with client. | 58.00 |
| 12/21/17 | Andrew Kilpinen, Airfare, Chicago, IL 12/17/2017 to 12/21/2017, Filing, meeting with client. | -546.94 |
| 12/21/17 | Julia Foster, Airfare, Chicago, IL 12/17/2017 to 12/21/2017, Restructuring | 1,094.20 |
| 12/21/17 | Julia Foster, Agency Fee, Restructuring | 58.00 |

17

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
3 - Case Administration

| Date | Description | Amount |
|---|---|---|
| 12/21/17 | Laura Krucks, Airfare, Houston, TX 12/17/2017 to 12/21/2017, Filing, meeting with client. | 697.20 |
| 12/21/17 | Matthew Smart, Transportation To/From Airport, Hearing Prep and Hearing | 110.65 |
| 12/21/17 | Carrie Oppenheim, Transportation To/From Airport, Paralegal support re chapter 11 filing; first day hearing; confirmation hearing | 87.55 |
| 12/21/17 | Michael Slade, Transportation To/From Airport, For first day hearing, meetings and confirmation hearing | 63.47 |
| 12/21/17 | Michael Slade, Transportation To/From Airport, For first day hearing, meetings and confirmation hearing | 22.57 |
| 12/21/17 | E-CROWN CARS & LIMOUSINES - 2440 S WOLF ROAD (NT) Transportation to/from Airport, PESCE/GREGORY FRANCIS 12/21/2017 Chicago O'hare International Airport to 1952 W. RACE AVENUE CHICAGO IL 60622 | 89.75 |
| 12/21/17 | E-CROWN CARS & LIMOUSINES - 2440 S WOLF ROAD (NT) Transportation to/from Airport, KILPINEN/ANDREW JAMES 12/21/2017 Chicago O'hare International Airport to 2619 DEERING BAY DRIVE NAPERVILLE IL 60564 | 108.85 |
| 12/21/17 | Andrew Kilpinen, Transportation To/From Airport, Filing, meeting with client. | 145.92 |
| 12/21/17 | Julia Foster, Transportation To/From Airport, Restructuring | 247.25 |
| 12/21/17 | Matthew Smart, Travel Meals, Flushing, NY Hearing Prep and Hearing | 11.73 |
| 12/21/17 | Laura Krucks, Travel Meals, Richmond, VI Meeting with client. | 6.42 |
| 12/21/17 | Michael Slade, Travel Meals, New York For first day hearing, meetings and confirmation hearing | 6.91 |
| 12/21/17 | Gregory Pesce, Travel Meals, New York, NY Attend hearings | 40.00 |
| 12/21/17 | Laura Krucks, Travel Meals, New York, NY Filing, meeting with client. | 10.88 |
| 12/21/17 | Laura Krucks, Travel Meals, New York, NY Filing, meeting with client. | 39.18 |
| 12/21/17 | E-EMPIRE DISCOVERY LLC - 148 MADISON AVENUE 9TH FLOOR (NT), Outside Copy/Binding, Vendor printing for first day and confirmation hearings | 2,827.04 |
| 12/21/17 | Brett Newman, OT Taxi, Global A&T Hearings in New York | 8.03 |
| 12/21/17 | Brett Newman, OT Taxi, Global A&T Hearings in New York | 39.67 |
| 12/21/17 | Laura Krucks, OT Taxi, Late night work. | 10.25 |
| 12/21/17 | Evelyn Wang, OT Taxi - from office to home | 25.44 |
| 12/21/17 | Evelyn Wang, Overtime Meals - Attorney, OT meal | 20.00 |
| 12/21/17 | Roy Poon, Other, Business registration $20 x 2 | 5.12 |

TOTAL EXPENSES                                              $ 59,065.58

Legal Services for the Period Ending December 21, 2017
UTAC Headquarters Pte. Ltd.
5 - Hearings

## Description of Expenses

| Date | Description | Amount |
|------|-------------|--------|
| 12/17/17 | E-CROWN DELIVERY & LOGISTICS - PO BOX 76, MIDTOWN STATION (NT), Outside Messenger Service, Night Courier Delivery | 46.20 |
| 12/17/17 | Gregory Pesce, Taxi, Attend hearings. | 12.25 |
| 12/17/17 | Jamie Netznik, Taxi, Sunday OT transportation to office with luggage | 8.23 |
| 12/17/17 | Gregory Pesce, Overtime Meals - Attorney, Lunch for GATE team working on filing. | 280.00 |
| 12/18/17 | Julia Foster, Internet, Restructuring | 29.95 |
| 12/18/17 | Julia Foster, Taxi, Restructuring | 7.42 |
| 12/18/17 | Julia Foster, Taxi, Restructuring | 7.42 |
| 12/18/17 | Julia Foster, Taxi, Restructuring | 11.08 |
| 12/18/17 | Julia Foster, Taxi, Restructuring | 5.00 |
| 12/18/17 | Julia Foster, Taxi, Restructuring | 11.52 |
| 12/20/17 | Gregory Pesce, Taxi, Attend hearings. | 9.75 |
| 12/21/17 | Gregory Pesce, Taxi, Attend hearings. | 9.12 |
| 12/21/17 | Gregory Pesce, Taxi, Attend hearings. | 21.19 |
| 12/21/17 | Gregory Pesce, Taxi, Attend hearings. | 21.84 |
| 12/21/17 | Shireen Barday, Taxi, Participate in confirmation hearing. | 9.21 |
| 12/21/17 | Shireen Barday, Taxi, Participate in confirmation hearing. | 27.96 |
| 12/21/17 | Andrew Kilpinen, Taxi, Filing, meeting with client. | 10.50 |
| 12/21/17 | Julia Foster, Taxi, Restructuring | 9.21 |
| 12/21/17 | Julia Foster, Taxi, Restructuring | 196.84 |
| 12/21/17 | Julia Foster, Taxi, Restructuring | 7.42 |
| 12/21/17 | Julia Foster, Taxi, Restructuring | 7.42 |
| 12/21/17 | Julia Foster, Taxi, Restructuring | 10.50 |
| 12/21/17 | Julia Foster, Taxi, Restructuring | 5.00 |
| 12/21/17 | Julia Foster, Taxi, Restructuring | 10.00 |
| 12/21/17 | E-VERITEXT - PO BOX 71303 (NT), Court Reporter Deposition, Original, Certified & Electronic Transcripts, etc. | 732.25 |

TOTAL EXPENSES                                      $ 1,507.28